[No. B222580. Second Dist., Div. Three. June 8, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO VILLANUEVA, Defendant and Appellant.

[No. B227268. Second Dist., Div. Three. June 8, 2011.]

In re ROBERTO VILLANUEVA on Habeas Corpus.

COUNSEL

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CROSKEY, J.—Defendant and appellant Roberto Villanueva was charged with attempted murder and mayhem; various firearm enhancements were alleged. Defendant was convicted of attempted murder and mayhem, but the jury hung on the truth of the two most serious firearm enhancements. A mistrial was declared with respect to the enhancements on which the jury hung. Defendant was sentenced to prison for the attempted murder. The firearm enhancements were *not* dismissed. Defendant filed an immediate notice of appeal from the judgment of conviction. We reversed defendant's conviction due to the trial court's failure to instruct the jury on the lesser offense of attempted voluntary manslaughter.

After the remittitur issued, defendant was retried. At the second trial, the prosecution pursued the firearm enhancements on which a mistrial had been declared. The second jury found defendant not guilty of attempted murder but guilty of attempted voluntary manslaughter and mayhem. Additionally, the jury found the firearm enhancements to be true. At sentencing, because of the true findings on the firearm enhancements, defendant received a greater aggregate sentence than he had received at his first trial (even though he was convicted of a lesser offense).

Defendant appeals and pursues a petition for writ of habeas corpus, arguing the impropriety of his increased sentence and the prosecution's pursuit of the previously mistried firearm enhancements at the second trial. Although defendant argues that several theories apply to invalidate his sentence, each theory is based on the premise that the prosecution's failure to immediately retry the firearm enhancements while his appeal was pending was, in fact or effect, a prosecutorial decision to decline further prosecution on these allegations. We conclude that it was not. We modify defendant's sentence to correct a conceded error and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts leading to defendant's prosecution are largely irrelevant to the disposition of the appeal. Defendant shot the victim in the face, some hours after a previous altercation with the victim. There was evidence that defendant had not intended to come across the victim after the earlier altercation, and that he aimed his firearm at the victim only because he believed the victim was going to run him over with his car. Although defendant testified that the gun fired accidentally, the jury could reject this testimony and conclude that defendant intentionally shot the victim under an honest, but unreasonable, belief that deadly force was necessary to protect his life. The victim survived the shooting, but suffered permanent partial paralysis of his face, and lost his hearing in one ear.

Defendant was charged by amended information with attempted murder (Pen. Code, §§ 664, 187) and mayhem (Pen. Code, § 203). With respect to both charges, it was further alleged that defendant personally used a firearm (Pen. Code, § 12022.53, subd. (b)); intentionally and personally discharged a firearm (Pen. Code, § 12022.53, subd. (c)); intentionally and personally discharged a firearm causing great bodily injury (Pen. Code, § 12022.53, subd. (d)); personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)); and personally inflicted great bodily injury which caused the victim to suffer paralysis of a permanent nature (Pen. Code, § 12022.7, subd. (b)).

The case proceeded to jury trial. The jury returned verdicts finding defendant guilty of attempted murder and mayhem. The allegations that defendant personally used a firearm and personally inflicted great bodily injury were found true. However, the jury was unable to reach a verdict on whether defendant personally and intentionally discharged a firearm, or personally and intentionally discharged a firearm causing great bodily injury.[1] The trial court declared a mistrial on the two enhancement allegations on which the jury had failed to reach verdicts (hereafter, the "mistried firearm enhancement allegations"). The court indicated that the parties "can decide down the road what they want to do with" the mistried firearm enhancement allegations.

Defendant was sentenced to 20 years in prison, calculated as the seven-year midterm for attempted murder, plus 10 years for the personal use of a

---

[1] Although the jury had been instructed on the allegation of personal infliction of great bodily injury which causes the victim to suffer paralysis, the verdict forms did not seek a finding on this allegation. In its brief on appeal, the prosecution erroneously states that the firearm enhancement allegations under Penal Code section 12022.53, subdivisions (c) and (d) were not submitted to the jury. This is incorrect; these enhancement allegations were submitted to the jury, but the jury was unable to reach a verdict on them.

firearm, plus three years for the infliction of great bodily injury. The sentence on mayhem was stayed under Penal Code section 654. At the sentencing hearing, the prosecutor argued for a high-term sentence of 22 years, but stated that "a 20-year state prison sentence is something that the People can live with."[2] Neither the prosecution nor the defense moved to dismiss the mistried firearm enhancement allegations. Nor did defendant offer to waive time for sentencing to permit an immediate retrial of the mistried firearm enhancement allegations. At the close of the sentencing hearing, on September 12, 2007, defendant filed a notice of appeal.

On appeal, in an opinion issued December 12, 2008, we reversed the judgment, on the basis that the trial court should have instructed the jury on, among other things, the lesser included offense of attempted voluntary manslaughter on a theory of imperfect self-defense. (*People v. Villanueva* (2008) 169 Cal.App.4th 41 [86 Cal.Rptr.3d 534].) The remittitur issued on February 19, 2009, and was received by the trial court on March 4, 2009.

Defendant was rearraigned on the initial information, entered a plea of not guilty, and denied the special allegations.[3] Under Penal Code section 1382, a felony defendant whose conviction has been reversed on appeal has a right to be brought to trial within 60 days after the filing of the remittitur in the trial court. The 60th day in this case was Monday, May 4, 2009.

On Friday, May 1, 2009, the prosecutor indicated a potential problem. The victim in the case had no telephone; the prosecutor could only contact him through his place of employment, where he works once a week. The prosecutor hoped the victim would make contact prior to the trial date of May 4, but believed it likely that he would not. At this point, the prosecutor also indicated for the record that defendant had been offered, and rejected, a plea bargain for a 16-year sentence.

On May 4, 2009, the date set for trial, the prosecutor indicated that contact had not, in fact, been made with the victim. As such, the prosecutor could not, in good faith, proceed to trial. The prosecution moved to dismiss the case

---

[2] As we will discuss below, defendant believes this statement implied that the prosecution was satisfied with a 20-year sentence for *all* of defendant's criminal conduct, inclusive of the mistried firearm enhancement allegations. There is no indication in the record that the prosecutor's statement applied to anything other than the charges on which defendant was being sentenced at the time.

[3] The record on appeal does not unambiguously indicate that the prosecution was proceeding on the mistried firearm enhancement allegations at this time. Defendant's arguments on appeal, however, are based on the premise that this is the case. Indeed, in defendant's petition for habeas corpus, he submits an expert's declaration expressly stating that defendant's counsel failed to move to dismiss the mistried firearm enhancement allegations at the time of this rearraignment.

under Penal Code section 1382, based on its inability to proceed within the 60-day period. The trial court granted the motion.

A single dismissal of a felony prosecution is not a bar to a second prosecution for the same offense. (Pen. Code, § 1387.) The prosecution immediately refiled all charges against defendant.

At no point did defendant indicate a willingness to waive time prior to trial, not even when he was appointed new counsel due to a conflict of interest.[4] Defendant's second jury trial therefore began on July 27, 2009, 60 days from his arraignment on the refiled information.[5] The jury found defendant not guilty of attempted murder, but guilty of attempted voluntary manslaughter and mayhem. All sentence enhancement allegations, including the mistried firearm enhancement allegations, were found to be true.[6]

Defendant filed a motion to strike the previously mistried firearm enhancements on the basis of vindictive prosecution. Defendant acknowledged that the prosecution generally has the authority to retry an enhancement allegation on which the jury initially hung. However, defendant argued the mistried firearm enhancement allegations in this case should have been retried prior to his initial sentencing. He argued that it had been improper to require defendant to be tried on those allegations after his success on appeal, stating, "At the time of his initial sentencing, defendant had a reasonable expectation that the [Penal Code] section 12022.53, [subdivisions (c) and] (d) enhancing allegations could no longer affect his sentence, and that his 20-year sentence could only be improved upon by filing an appeal."[7] The trial court denied the motion.

---

[4] Apparently, the public defender's office had previously represented the victim in a domestic violence matter.

[5] During trial, the information was amended to add a count of assault with a firearm. (Pen. Code, § 245, subd. (b).) The count is irrelevant to our disposition of the appeal.

[6] The firearm enhancements under Penal Code section 12022.53, subdivisions (b), (c) and (d) had not been alleged with respect to the lesser offense of attempted voluntary manslaughter. This is correct; Penal Code section 12022.53 applies to murder and attempted murder, but not manslaughter or attempted manslaughter. (Pen. Code, § 12022.53, subd. (a).) The enhancements were, however, properly alleged with respect to mayhem. (Pen. Code, § 12022.53, subd. (a)(2).)

[7] A defendant convicted of a felony has a right to be sentenced within 20 days of the guilty verdict. (Pen. Code, § 1191.) A defendant has a right to a retrial of mistried counts within 60 days of the declaration of mistrial. (Pen. Code, § 1382, subd. (a)(2).) Thus, at the time of defendant's initial sentencing, he could not possibly have possessed a "reasonable expectation" that the mistried firearm enhancement allegations could no longer affect his sentence. Had defendant wanted to guarantee that his appeal could only better his sentence (or leave it the same), he should have waived time for sentencing on the charges of which he had been convicted until the outstanding firearm enhancement allegations had been either retried or dismissed.

Defendant was sentenced to the high term of eight years on the count of mayhem, consecutive to a term of 25 years to life for the Penal Code section 12022.53, subdivision (d) enhancement. Sentences on all other enhancements were stayed.[8] Defendant filed a timely notice of appeal.

## CONTENTIONS ON APPEAL

On appeal, defendant makes three challenges to his retrial on, and ultimately increased sentence for, the mistried firearm enhancement allegations. First, defendant contends that the retrial of the mistried firearm enhancement allegations constituted an impermissible vindictive prosecution. Second, defendant contends that it is a violation of his state constitutional due process rights and the privilege against double jeopardy for him to receive an increased aggregate sentence following a successful appeal. Third, defendant contends his speedy trial rights (under Pen. Code, § 1382, as well as the federal Constitution) were violated by the lengthy passage of time between the declaration of mistrial on the mistried firearm enhancement allegations and the prosecution's initial attempt to retry them following defendant's successful appeal. Defendant argues that the mistried firearm enhancement allegations should have been retried while his appeal was pending, and that the attempt to retry them following the resolution of the appeal should have resulted in an immediate motion to dismiss. Defendant contends, by a simultaneous petition for writ of habeas corpus, that his counsel's failure to make such a motion constituted ineffective assistance of counsel. We reject each of defendant's contentions.

## DISCUSSION

### 1. There Was No Vindictive Prosecution

■ Principles of due process protect against both an actual vindictive prosecution and the apprehension of retaliation for exercising the right to appeal. (*In re Bower* (1985) 38 Cal.3d 865, 873 [215 Cal.Rptr. 267, 700 P.2d 1269].) "[A]n inference of vindictive prosecution is raised if, upon retrial after a successful appeal, the prosecution increases the charges so that the defendant faces a sentence potentially more severe than the sentence he or she faced at the first trial." (*People v. Ledesma* (2006) 39 Cal.4th 641, 731 [47 Cal.Rptr.3d 326, 140 P.3d 657].) "[T]he presumption of unconstitutional vindictiveness is a legal presumption which arises when the prosecutor

---

[8] The court also imposed an additional consecutive one-year term (one-third the middle term) for attempted voluntary manslaughter. The prosecution concedes this was error, and that the sentence on the attempted voluntary manslaughter count should have been stayed under Penal Code section 654. We agree, and will order the judgment modified accordingly.

increases the criminal charge against a defendant under circumstances which . . . are deemed to present a 'reasonable likelihood of vindictiveness.' The presumption is not based on the subjective state of mind of the individual prosecutor and does not imply that he or she individually harbors an improper motive." (*In re Bower, supra,* 38 Cal.3d at p. 879.)

■ Defendant contends that his retrial on the mistried firearm enhancement allegations gives rise to a presumption of vindictive prosecution as the firearm enhancement allegations constituted an increase in charges following a successful appeal. We disagree. There was no increase in charges. Defendant was retried on *exactly the same charges* on which he was tried at the first trial. Defendant cannot argue that his intervening appeal somehow eliminated the mistried firearm enhancement allegations from the list of charges to which he was subject to retrial.

The case of *People v. Puentes* (2010) 190 Cal.App.4th 1480 [119 Cal.Rptr.3d 67], on which defendant relies, is clearly distinguishable.[9] In *Puentes,* the defendant was tried on both a felony and a misdemeanor. The jury hung on the felony, but convicted the defendant of the misdemeanor. The prosecutor then *dismissed the felony* in the interests of justice. After the defendant successfully appealed the misdemeanor conviction, the prosecutor re-charged the felony, on which the defendant was convicted. (*Id.* at p. 1483.) On the defendant's appeal, the Sixth Appellate District concluded that the presumption of a vindictive prosecution arose because the prosecution reinstated the felony charge *it had originally dismissed.* (*Id.* at p. 1486.) The court explained, "The People's about-face—that it was no longer 'in furtherance of justice' to have the felony dismissed—occurred only after defendant prevailed on appeal. This gives the appearance that defendant's successful appeal·changed the People's mind about what charges were 'in furtherance of justice.' Stated another way, a misdemeanor was on the table before the appeal and a misdemeanor and a felony were on the table after the appeal. Under the circumstances, it appears that the successful appeal did in fact 'up the ante.' In our view, a presumption of vindictiveness was raised under these circumstances." (*Ibid.*)

The difference between *Puentes* and the instant case is clear: in *Puentes,* the prosecutor dismissed the mistried felony in the interests of justice and only reinstated it after Puentes successfully appealed the misdemeanor. In the instant case, however, the prosecutor *never* dismissed the mistried firearm enhancement allegations, and never indicated that dismissal of those allegations was in the interests of justice. There was no "about-face" from the

---

[9] The prosecution suggests that *Puentes* was wrongly decided. While we have doubts regarding the correctness of the *Puentes* decision, we need not address them, as the case is distinguishable.

prosecution on the issue; the prosecution always kept the mistried firearm enhancement allegations "on the table." As such, there was no increase in the charges to which defendant was subject, and no presumption of vindictiveness arose.[10]

### 2. Defendant's Increased Aggregate Sentence Is Not a State Constitutional Violation

 Under established California law, "after successful appeal of a conviction a defendant may not upon reconviction be subjected to an aggregate sentence greater than that imposed at the first trial." (*People v. Craig* (1998) 66 Cal.App.4th 1444, 1448 [78 Cal.Rptr.2d 659].) This is an application of California's double jeopardy clause; federal double jeopardy is not violated by a harsher sentence upon reconviction. (*People v. Monge* (1997) 16 Cal.4th 826, 835, 844 [66 Cal.Rptr.2d 853, 941 P.2d 1121].) Not only is the rule mandated by the state Constitution's prohibition against double jeopardy (Cal. Const., art. I, § 15), cases have also held that it is similarly required by the state Constitution's due process clause (Cal. Const., art. I, § 7, subd. (a)). (*People v. Hanson* (2000) 23 Cal.4th 355, 367 [97 Cal.Rptr.2d 58, 1 P.3d 650].)

However, the rule does not apply when the increase to the defendant's aggregate sentence is due to the retrial of a count on which the jury hung (and the defendant was therefore not sentenced) at the initial trial. This was the situation at issue in the recent case of *People v. Bolton* (2011) 192 Cal.App.4th 541 [121 Cal.Rptr.3d 359]. In that case, the defendant was first convicted of several offenses, but the jury hung on an additional offense, a violation of Penal Code section 422 (criminal threats). The trial court dismissed the criminal threats count and sentenced the defendant on the remaining offenses. After the defendant's conviction was reversed on appeal, the prosecution retried the defendant on all offenses, including criminal threats, and the defendant was convicted as charged. The defendant's aggregate sentence was increased by a consecutive term for the criminal threats

---

[10] Defendant suggests that the prosecution's statement, at his initial sentencing hearing, that it could "live with" a 20-year sentence demonstrates a vindictive motive in the prosecution's pursuit of the mistried firearm enhancement allegations after his successful appeal, as the prosecution's statement that it could "live with" a 20-year sentence implied that it was not going to seek a retrial of the mistried firearm enhancement allegations. We disagree. As explained above, the prosecution stated that it could "live with" a 20-year sentence, although it wanted a maximum sentence of 22 years. The prosecution was clearly giving its opinion as to the sentencing choices before the trial court, not indicating an intention to dismiss the mistried firearm enhancement allegations in light of the 20-year sentence. Moreover, to the extent any such statements of the prosecution are relevant to the issue of vindictiveness, we note that *subsequent* to defendant's success on appeal, the prosecution offered defendant a negotiated disposition of *16 years* in prison. Thus, far from vindictively punishing defendant for his successful appeal, the prosecution offered defendant a lesser sentence than his initial term.

conviction, and the defendant appealed, raising double jeopardy and due process arguments against his increased aggregate sentence.[11] (*People v. Bolton, supra*, 192 Cal.App.4th at p. 547.) On appeal, Division One of the Fourth Appellate District concluded that a case falls outside the prohibition against increased aggregate sentences following successful appeals when the new sentence "is based on additional criminal convictions that were not at issue in the successful appeal and on which the defendant could have been retried without violating double jeopardy." (*Id.* at p. 549.)

The *Bolton* court explained as follows: "If the prosecutor had tried Bolton on [criminal threats] in a proceeding separate from a trial on the other charges, Bolton could have been convicted *and sentenced* on [that count] in that separate case. Here, the prosecutor combined the retrial of [the criminal threats charge] (which was retried after a jury was unable to reach a unanimous verdict on that count, and not the result of a reversal on appeal), with the retrial of the charges on which Bolton had originally been convicted (a retrial that *did* result from appellate reversal). The trial court was prohibited by principles of double jeopardy from imposing a greater sentence *with respect to the charges of which Bolton was first convicted* and from which he successfully appealed. As to those counts . . . , the trial court did not impose a greater sentence on remand. Rather, the court imposed the same sentence on those counts. However, the court also imposed an additional sentence on [the criminal threats]—a count on which Bolton was not convicted in the first trial, and as to which Bolton was potentially subject to retrial regardless of the outcome of his prior appeal. The fact that the court imposed a sentence on [the criminal threats] after Bolton successfully appealed his convictions on the other counts does not mean that the additional sentence violates the California Constitution's principles of double jeopardy. [¶] The People aptly observe that if this court were to agree with Bolton's argument, prosecutors would be discouraged from accepting dismissal of counts on which a jury has been unable to reach a verdict. Instead, prosecutors would be inclined to retry counts on which a jury has hung. In addition, this rule would create a situation in which defendants would receive a windfall after a successful appeal, in that they would not only receive a second chance at acquittal on the charges of which they were convicted, but would also avoid any additional sentence for charges as to which the first jury could not reach a verdict. [¶] We see no reason to create the rule that Bolton urges. There is nothing patently unfair about returning a defendant to the same position that he was in prior to his first trial." (*People v. Bolton, supra*, 192 Cal.App.4th at pp. 548–549.)

---

[11] No assertion of vindictive prosecution was made in *Bolton*. (*People v. Bolton, supra*, 192 Cal.App.4th at p. 548, fn. 3.)

■ Defendant contends that his increased aggregate sentence on retrial following his successful appeal violates the state Constitution's protections against double jeopardy and due process. We conclude, however, that *Bolton* sets forth the proper rule that applies in this case. There is no double jeopardy prohibition to retrial of a sentence enhancement allegation after the jury hangs on that allegation. (*People v. Anderson* (2009) 47 Cal.4th 92, 98 [97 Cal.Rptr.3d 77, 211 P.3d 584].) A trial court has the authority to retry, and impose sentence on, an enhancement allegation, even when the conviction of the substantive offense to which it is attached is on appeal. (*People v. Schulz* (1992) 5 Cal.App.4th 563, 571 [7 Cal.Rptr.2d 269].) Thus, just like the criminal threats count in *Bolton*, the mistried firearm enhancement allegations could have been separately retried and sentenced. The mistried firearm enhancement allegations were not at issue in defendant's appeal, and they could have been retried without violating the principles of double jeopardy. As such, the addition to defendant's aggregate sentence as a result of the retried firearm enhancement allegations was not impermissible.

### 3. There Was No Speedy Trial Violation

Defendant next contends that the prosecution's failure to immediately retry the mistried firearm enhancement allegations while his appeal was pending allowed the statutory time for a retrial following mistrial to expire. Defendant contends that his ultimate retrial on the mistried firearm enhancement allegations was a violation of California's speedy trial laws, and that his attorneys' failure to raise the matter at trial constituted ineffective assistance of counsel. We disagree.

■ California has enacted a series of statutes, commencing with Penal Code section 1381, which are a construction and implementation of the California Constitution's speedy trial guarantee (Cal. Const., art. I, § 15). (*Sykes v. Superior Court* (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].) "No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right *as construed and implemented by statute.* [Citation.] Instead, 'an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant's consent entitles the defendant to a dismissal.' [Citation.]" (*People v. Martinez* (2000) 22 Cal.4th 750, 766 [94 Cal.Rptr.2d 381, 996 P.2d 32].)

Penal Code section 1382, subdivision (a)(2) provides, in pertinent part, that the court "unless good cause to the contrary is shown, shall order the action to be dismissed . . . [¶] . . . [¶] . . . [i]n a felony case, when a defendant is not brought to trial . . . in case the cause is to be tried again following a mistrial . . . within 60 days after the mistrial has been declared . . . ." As the mistried firearm enhancement allegations *could* have been retried within 60

days after the mistrial had been declared, while defendant's appeal was pending (*People v. Schulz, supra*, 5 Cal.App.4th at p. 571), defendant argues that the failure to do so constituted a clear violation of the requirements of Penal Code section 1382, entitling him to a dismissal.[12]

Penal Code section 1382 entitles a defendant to a retrial of mistried allegations within 60 days, and a dismissal of such charges "unless good cause to the contrary is shown." As defendant never made a motion for dismissal, the prosecution was not required to demonstrate good cause. However, it is apparent that good cause for the delay existed due to the

---

[12] Preliminarily, although both parties assume Penal Code section 1382 applies in this context, an argument can be made that the governing statute is, in fact, Penal Code section 1381. This latter statute governs "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . , and at the time of the entry upon the term of imprisonment . . . there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced." In such a case, the district attorney is required to bring the defendant to trial within 90 days after the defendant "shall have delivered to said district attorney written notice of the place of his or her imprisonment . . . and his or her desire to be brought to trial . . . unless a continuance beyond the 90 days is requested or consented to by the [defendant], in open court . . . ." In other words, when the defendant is already serving a sentence in prison, the defendant's statutory entitlement to a speedy trial depends upon the defendant's written assertion of that right.

Whether Penal Code section 1381 applies in this instance appears to depend upon the meaning of the word "other" in the phrase "any other indictment, information, [or] complaint"; specifically, whether "other" includes other charges arising out of the same information which led to the sentence on which the defendant was imprisoned. While research has disclosed no authority addressing the issue, *People v. Jacobs* (1972) 27 Cal.App.3d 246 [103 Cal.Rptr. 536], which found no equal protection violation in the different treatment of defendants subject to Penal Code section 1381 and those subject to Penal Code section 1382, is instructive.

"[T]he persons described in the respective statutes are not in like circumstances. Section 1382 applies to persons who are not currently serving time as defined in section 1381. Essentially, section 1382 applies to persons awaiting trial who are either out on bail while awaiting trial or who are bailable, or who are serving misdemeanor sentences of less than 90 days. While both sections contemplate a speedy trial [citation], the danger of suffering imprisonment during delay is not present where a person is already incarcerated as provided in section 1381. [Citation.] We perceive also that a person who is undergoing a prison sentence may prefer not to go to trial while a prisoner because of the possibility that his status as such a prisoner might prejudice his trial. We apprehend, too, that there may be other tactical reasons why a prisoner may not desire to be tried for the new charge while serving time. In any event the law grants such a prisoner his options. He may seek an early trial by making a demand for trial as prescribed by section 1381 or he may elect to defer the making of such demand until he deems it expedient to do so." (*People v. Jacobs, supra*, 27 Cal.App.3d at p. 259.)

Under this rationale, as defendant was imprisoned pending his appeal, his speedy trial rights were defined by Penal Code section 1381, not Penal Code section 1382, and his failure to assert those rights by requesting a speedy retrial on the mistried firearm enhancement allegations eliminates any burden on the prosecution to bring those allegations to trial pending defendant's appeal.

In any event, as the prosecution apparently concedes the applicability of Penal Code section 1382, we analyze defendant's contention under that statute.

pendency of defendant's appeal. ▓ "Good cause within the meaning of section 1382 exists, for example, when the delay beyond the statutory period is caused by the conduct of the defendant or occurs for his or her benefit . . . ." (*People v. Hajjaj* (2010) 50 Cal.4th 1184, 1198 [117 Cal.Rptr.3d 327, 241 P.3d 828].) Several cases have held that pending proceedings in the appellate court constitute good cause. (*People v. Superior Court (Gonzales)* (1991) 228 Cal.App.3d 1588, 1592 [279 Cal.Rptr. 679] [prosecution's writ petition seeking review of denial of its peremptory challenge to the trial judge]; *Pagnini v. Superior Court* (1984) 163 Cal.App.3d 142, 147 [209 Cal.Rptr. 208] [defendant's petition for Supreme Court review of adverse appellate court decision]; *Muller v. Justice's Court* (1954) 129 Cal.App.2d 570, 572 [277 P.2d 866] [defendant's petition for a writ of prohibition].) We agree.

In this case, defendant did not offer to waive time at his initial sentencing hearing to allow the retrial on the mistried firearm enhancement allegations to immediately occur. Instead, he proceeded to sentencing and filed a notice of appeal at the close of the sentencing hearing. Had the prosecution *then* immediately proceeded to retry the mistried firearm enhancement allegations, it risked the necessity of a third trial if defendant's appeal was successful and his underlying convictions overturned. Particularly in a case such as this, where the evidence relating to the enhancement allegations was exactly the same as the evidence relating to the offense, the pending appeal created the possibility that a retrial of the entire case would be necessary and therefore constituted good cause for the delay in retrying the mistried firearm enhancement allegations.

Moreover, even if there was not good cause, there was no prejudice in the failure to dismiss the mistried firearm enhancement allegations for a violation of Penal Code section 1382.[13] Defendant argues that he was prejudiced because, had the mistried firearm enhancement allegations been dismissed, they would have been realleged once our remittitur issued after defendant's appeal, and the prosecution's subsequent dismissal of the entire information under Penal Code section 1382, when it was unable to contact the victim, would have been the *second* dismissal of the mistried firearm enhancement

---

[13] The issue of prejudice is relevant in two ways. First, although prejudice is generally presumed for a violation of Penal Code section 1382, a defendant who first seeks relief for a speedy trial violation *after judgment,* as does defendant here, must establish prejudice. (*People v. Lomax* (2010) 49 Cal.4th 530, 557 [112 Cal.Rptr.3d 96, 234 P.3d 377].) Second, defendant argues that his trial counsel's failure to raise the speedy trial issue constitutes ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must establish not only representation below an objective standard of reasonableness, but also resulting prejudice. (*People v. Williams* (1999) 77 Cal.App.4th 436, 461 [92 Cal.Rptr.2d 1].)

allegations.[14] Defendant then relies on Penal Code section 1387, subdivision (a), which provides that a *second* dismissal of a felony action is a bar to another prosecution for the same offense.

However, Penal Code section 1387.1 allows for a *third* opportunity for the prosecution to pursue violent felony charges, where "either of the prior dismissals . . . were due solely to excusable neglect. In no case shall the additional refiling of charges provided under this section be permitted where the conduct of the prosecution amounted to bad faith." Penal Code section 1387.1 applies to violent felonies defined by Penal Code section 667.5. Penal Code section 667.5, subd. (c)(22) defines as a violent felony "[a]ny violation of [Penal Code s]ection 12022.53." Thus, the mistried firearm enhancement allegations are subject to Penal Code section 1387.1. Moreover, there is no dispute that the prosecution's dismissal of all charges due to its inability to guarantee the attendance of the victim was due to excusable neglect on the part of the prosecution. Thus, Penal Code section 1387.1 would have permitted a third filing of the mistried firearm enhancement allegations, as long as the conduct of the prosecution did not amount to bad faith. Defendant argues that the prosecution's conduct was in bad faith, because the prosecution's pursuit of the mistried firearm enhancement allegations following defendant's successful appeal was vindictive. As discussed above, the presumption of vindictiveness did not arise. Defendant makes no other argument for the presence of bad faith. As such, Penal Code section 1387.1 would have permitted a third filing of the mistried firearm enhancement allegations, and even if defendant had somehow been entitled to a dismissal of those allegations during the pendency of his appeal, the failure to obtain such a dismissal did not prejudice defendant in any way.[15]

---

[14] Defendant's argument, based on what *would have been*, assumes that, had defendant's counsel obtained an initial dismissal of the mistried firearm enhancement allegations, everything else would have proceeded in exactly the same manner. We cannot assume that this is true. For example, perhaps the prosecutor, knowing that there had already been a single dismissal, might have engaged in a greater effort to guarantee the victim's presence for the retrial.

[15] To the extent defendant contends that his federal constitutional right to a speedy trial was violated independently of his state statutory right, we reject the contention. A federal speedy trial claim implicates a balancing test "that requires consideration of the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defense caused by the delay." (*People v. Martinez, supra* 22 Cal.4th at p. 755.) Here, the length of the delay was the 18-month period between defendant's notice of appeal and the issuance of the remittitur; the reason for the delay was defendant's pursuit of his appeal; defendant did not assert his speedy trial right at all during this time; and there was never any prejudice to defendant caused by the delay. These factors do not demonstrate a speedy trial violation.

## *DISPOSITION*

The judgment is modified to stay, under Penal Code section 654, defendant's one-year sentence for attempted voluntary manslaughter. As modified, the judgment is affirmed. The petition for writ of habeas corpus is denied.

Klein, P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied June 22, 2011, and appellant's petition for review by the Supreme Court was denied September 14, 2011, S194300. Kennard, J., was of the opinion that the petition should be granted.