Filed 3/30/15  P. v. Dorsey CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLEN DORSEY,<br><br>    Defendant and Appellant. | B255376<br><br>(Los Angeles County<br>Super. Ct. No. PA077476) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge.  Affirmed in part, reversed in part, remanded with directions.

David Reis Mishook, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.

# I.  INTRODUCTION

A jury convicted defendant, Allen Dorsey, of grand theft.  (Pen. Code,[1] § 487, subd. (a).)  The trial court found defendant had one prior serious felony conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) and had served four prior separate prison terms (§ 667.5, subd. (b)).  Defendant was sentenced to 10 years in state prison.

# II.  DISCUSSION

## A.  Prior Separate Prison Term Enhancements

Defendant argues, and the Attorney General concedes, there was insufficient evidence to support three of the four prior separate prison term enhancements.  (Case Nos. A737349 (1988), LA005822 (1991) and SA047525 (2004).)  The Attorney General requests a remand for retrial.  It is well established that the sentencing enhancement allegations may be retried.  (*Monge v. California* (1998) 524 U.S. 721, 727-728, 734; *People v. Monge* (1997) 16 Cal.4th 826, 843, 845; *People v. Villanueva* (2011) 196 Cal.App.4th 411, 422; *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1421; *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1234; see *People v. Barragan* (2004) 32 Cal.4th 236, 239.)  Therefore, we will remand this case to permit the prosecution to retry the section 667.5, subdivision (b) enhancement allegations.

## B.  Grand Theft Sentence Clarification

Remand is also appropriate to allow the trial court to clarify its sentence for grand theft.  The trial court's oral pronouncement of sentence was as follows:  "As to count 1, a violation of [section 487, subdivision (a)], . . . [defense counsel] argued that it was fairly

---

[1]     Further statutory references are to the Penal Code except where otherwise noted.

de minimus, the offense, but [defendant stole] six to $8,000 worth of copper wiring . . . . And the victim of the theft was an electrician. [¶] So, basically, [defendant] was stealing [the electrician's] livelihood. His ability to make a living. [¶] So although the objects stolen may - - I guess people may consider it somewhat trivial, . . . I don't. [¶] So, as a result of that, based on his background, and I am considering the aggravating and mitigating factors in the California Rule of Court, aggravating factors clearly outweigh the factors in mitigation. [¶] The court is going to select *three years mid-term* state prison. That's doubled pursuant to the strike prior for a total of six-years." (Italics added.) The oral pronouncement of sentence is ambiguous because the mid-term sentence for grand theft of property valued at or above $950 is *two* years, not *three*. (§§ 487, subd. (a), 489, subd. (b), 1170, subd. (h)(1).) Upon remittitur issuance, the trial court can clarify its sentence choice. (See *People v. Clancy* (2013) 56 Cal.4th 562, 568; *People v. Waldie* (2009) 173 Cal.App.4th 358, 367-368.)

## C. Peace Officer Personnel Records

Defendant has requested that we independently review the record of the trial court's in camera hearing for examination of peace officer personnel records. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 535.) On October 1, 2013, defendant filed a peace officer personnel record disclosure motion. The motion sought all misconduct complaints against the officer who wrote the police report. Defendant claimed the officer had fabricated evidence. On October 28, 2013, the trial court granted the motion as to "dishonesty-related" materials. The trial court conducted an in camera hearing and found there were no discloseable materials. We have reviewed the transcript of the in camera hearing. No abuse of discretion occurred. (*People v. Myles* (2012) 53 Cal.4th 1181, 1209; *People v. Hughes* (2002) 27 Cal.4th 287, 330.)

3

## III. DISPOSITION

The judgment of conviction and the state prison sentence is affirmed. The true findings on the allegations of three prior separate prison terms—case Nos. A737349 (1988), LA005822 (1991), and SA047525 (2004)—are reversed. Upon remittitur issuance, the prosecutor shall have 60 days to elect to retry the prior separate prison term enhancement allegations. If the prosecutor does not elect to retry the enhancements, or if retried and not proved, the unsustained allegations shall be found not true. Defendant is then to be sentenced with only one prior separate prison term enhancement—case No. YA085670. Upon resentencing, an amended abstract of judgment is to be prepared and delivered to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

MOSK, J.

KRIEGLER, J.

4