[Crim. No. 39225. Second Dist., Div. Five. June 28, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID JAMES FARROW, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and F. Elaine Easley, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Cynthia S. Waldman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—By jury trial appellant was convicted of assault with a deadly weapon with use of a firearm (Pen. Code, §§ 245, 12022.5), and possession of a firearm by a convicted felon (Pen. Code, § 12021). He was sentenced to state prison.

At about 12:30 p.m. on the afternoon of April 1, 1980, Lucinda Farrow, appellant's wife, who had separated from him about a month before, was driving on 128th Street when she saw appellant approaching. She pulled her car over and stopped. The driver's window was down far enough for appellant to reach his hand inside the car. He wanted to discuss getting back together and he also handed her some papers. He tried to get in but she locked the door. She told him she had to get back to work, but he insisted on talking then. He drew a small pistol, People's exhibit 1, and pointed it at her. He held it right to her neck for several minutes. He finally hung the pistol back down toward the ground and she "took off" in the car.

At 10 p.m. that same evening, Deputy Sheriff Coniglio found appellant in a car parked at a gas station at Pennsylvania and Pacific Coast Highway in Lomita. Appellant was a passenger and one Fletcher was the driver. On the floor by the driver's seat, the officer found People's exhibit 1, the gun which was identified by appellant's wife prior to trial and at trial.

Outside the presence of the jury, appellant admitted a prior felony conviction.

Appellant's sole contention is that the trial court erred in denying appellant's motion to dismiss count I, the charge of assault with a deadly weapon. The basis for appellant's motion was a theory of vindictive prosecution. Appellant had previously been charged in a separate information (Super. Ct. Los Angeles Co., No. A196633) in a single count with possession of a firearm by a convicted felon.[1] The information alleging violation of section 12021 was filed June 18, 1980. On August 19, 1980, the case was dismissed on appellant's motion pursuant to Penal Code section 1382 because appellant had not been brought to trial

---

[1]As requested by appellant, we take judicial notice of the superior court file in Nos. A196633 (the prior information) and A197137 (the present case).

within 60 days.[2] The court ordered the exhibits released to Sergeant Smith for the purpose of prosecuting the refiling of the case.[3]

On the same date, August 19, the prosecutor filed a two-count complaint, alleging in count I assault by means of force likely to produce great bodily injury and with a deadly weapon on Lucinda Farrow and in count II violation of Penal Code section 12021. Appellant was held to answer at a preliminary hearing September 3, 1980, and the information was filed September 17, 1980. Appellant filed his motion to dismiss count I, contending that the addition of the assault charge after appellant had successfully moved for dismissal of the prior information pursuant to Penal Code section 1382 was an abuse of prosecutorial discretion. The court denied the motion.

■ Appellant's theory is that the timing of the events suggests that the prosecution filed the assault charge to retaliate against appellant for exercising his statutory right to have the first case dismissed pursuant to Penal Code section 1382. He argues that to permit the prosecution to file an additional charge deters the exercise of appellant's rights and that even though there was no actual evidence of "bad faith," the burden shifted to the prosecution to explain its reasons for filing the additional charge. He relies on *Blackledge* v. *Perry* (1974) 417 U.S. 21 [40 L.Ed.2d 628, 94 S.Ct. 2098] (hereinafter *Perry*).[4] We conclude *Perry* is not controlling.

In *Perry, supra*, the defendant was originally charged in North Carolina district court with misdemeanor assault with a deadly weapon. Following his misdemeanor conviction in that court, he was entitled as a matter of right under North Carolina law to a trial de novo in the superior court. After he filed his notice of appeal for a trial de novo, which had the effect of completely annulling his misdemeanor conviction, the prosecutor obtained a grand jury indictment charging him with felony assault with a deadly weapon based on the same conduct. After pleading guilty to the subsequent indictment, the defendant petitioned for a

---

[2]Penal Code section 1382 requires dismissal, unless good cause to the contrary is shown, "[w]hen a defendant is not brought to trial in a superior court within 60 days after the ... filing of the information ...."

[3]The refiling of charges after a first dismissal under section 1382 is a routine accepted practice. (Pen. Code, § 1387; *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 437, 439 [121 Cal.Rptr. 457, 535 P.2d 321].)

[4]Appellant did not cite *Perry* or any other authority to the trial court, but his theory below was the same as on appeal.

writ of habeas corpus, contending that the indictment constituted double jeopardy and also deprived him of due process of law.

The Supreme Court held that under the circumstances the subsequent felony indictment had deprived the defendant of due process of law. The court relied upon *North Carolina* v. *Pearce* (1969) 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072], and the principle that avenues of appellate review of criminal convictions must be kept free of unreasoned distinctions that impede open and equal access to the courts. (*Id.*, 417 U.S. at p. 25 & fn. 4 [40 L.Ed.2d at p. 633].) In *Pearce*, the court had held that where a defendant was convicted but had won reversal of his conviction on appeal, he could not, upon retrial and reconviction, be subjected to a greater punishment than that imposed at the first trial unless justified by subsequent circumstances. From *Pearce*, the *Perry* court concluded that due process is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of vindictiveness on the part of the prosecution. (*Id.*, 417 U.S. at p. 27 [40 L.Ed.2d at p. 634].)

Applying those principles to the facts of *Perry*, the court concluded that a realistic likelihood of vindictiveness had been shown, since "[a] prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial." (*Blackledge* v. *Perry, supra*, 417 U.S. at pp. 27-28 [40 L.Ed.2d at pp. 633-634]; italics in original.) Although there was no evidence of actual bad faith or malice on the part of the prosecution, the court emphasized that since the fear of such vindictiveness may deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the prosecution. (*Id.*, at p. 28 [40 L.Ed.2d at p. 634].) The court indicated that upon a defendant's showing of a realistic likelihood of vindictiveness, the burden shifts to the prosecution to show proper grounds for proceeding with the subsequent more serious charge. (*Id.*, at pp. 27, 29, fn. 7 [40 L.Ed.2d at pp. 634, 635].)

The instant case is distinguishable and is not governed by *Perry*. This case does not involve an asserted retaliation for a successful appeal of a conviction. Appellant was not convicted, indeed he was never in jeopardy, in the first case. Neither the United States Supreme Court nor the California courts have extended *Perry* beyond the context of alleged retaliation for a postconviction appeal. (See *Bordenkircher* v. *Hayes* (1978), 434 U.S. 357, 362-363 [54 L.Ed.2d 604, 609-610, 98 S.Ct. 663]; *United States* v. *Goodwin* (1982) 457 U.S. 368, 372-384 [73 L.Ed.2d 74, 80-87, 102 S.Ct. 2485]; *In re David B.* (1977) 68 Cal.App.3d 931, 934 [137 Cal.Rptr. 577]; *In re Anthony M.* (1976) 64 Cal.App.3d 464, 468-469 [134 Cal.Rptr. 540].)

Unlike the defendants' appeals in *Pearce* and *Perry*, the granting of the motion to dismiss under section 1382 was not the factor enabling the prosecution to change or add charges. The first information could have been amended at any time, including up to the time of trial, to include additional offenses shown by the evidence at the preliminary hearing. (Pen. Code, §§ 739, 1009; *People* v. *Witt* (1975) 53 Cal.App. 3d 154, 165 [125 Cal.Rptr. 653].)

Unless the *Perry* rule is limited to the postconviction appeal context, it becomes totally unworkable. Prosecutorial discretion in determining the charges to be filed is basic to the framework of our criminal justice system. (See *People* v. *Andrade* (1978) 86 Cal.App.3d 963, 975-976 [150 Cal.Rptr. 662]; *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708 [117 Cal.Rptr. 905]; Gov. Code, § 26501.) Up to the time of verdict, the prosecution may amend the information to include additional offenses shown by the evidence at the preliminary hearing. To extend *Perry* to the pretrial and trial context would unduly hamper the legitimate exercise of this prosecutorial discretion. From the very commencement of proceedings, a criminal defendant has innumerable "rights" which are exercised prior to and during the trial. *Whenever* the prosecution attempted to amend the information, the defendant could assert that the amendment was really in retaliation for some right that the defendant had theretofore exercised, or attempted to exercise. If the assertion of such a claim required the prosecution to come forward with explanations of the motivations for exercise of its discretion to amend the charges, the defendant could delay the proceedings and deflect them from the true issue, the defendant's guilt or innocence.

The evidence shows that appellant committed assault with a deadly weapon on Lucinda Farrow. His argument that he is entitled to avoid any consequences of that crime simply because the prosecution failed to charge it until after the dismissal under Penal Code section 1382 does not appeal to justice or common sense. Because of the distinctions between this case and *Perry*, the mere timing of the two actions was not sufficient to raise a reasonable likelihood of vindictiveness so as to shift the burden to the prosecution to explain the reasons for its exercise of prosecutorial discretion. In the absence of a showing by appellant of an actual vindictive and discriminatory prosecution, the mere fact that a section 1382 dismissal preceded the filing of the additional charge does not show a violation of due process enabling appellant to avoid prosecution, conviction and punishment for the assault.[5]

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1982. Kaus, J., did not participate therein.

---

[5]At the hearing on the motion to dismiss, neither appellant nor the prosecution offered evidence of the motivations or reasons for the additional filing. At the preliminary hearing the prosecutor told the magistrate that the failure to file an assault count in the first case was due to inadvertence. At the hearing on the motion to dismiss, the court concluded that the district attorney had simply made a mistake.