[Civ. No. 28874. Fourth Dist., Div. One. Nov. 21, 1983.]

JORGE MUNOZ BARAJAS, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jeffrey E. Estes & Associates for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Donald H. Canning, Deputy District Attorneys, for Real Party in Interest.

OPINION

**WIENER, Acting P. J.**—Jorge Munoz Barajas seeks a writ of prohibition to prohibit the superior court from trying him for felony drunk driving (Veh. Code, § 23101, subd. (a))[1] after the municipal court declared a mistrial for prosecutorial misconduct during his trial for misdemeanor drunk driving (Veh. Code, § 23102, subd. (a)).[2] We issue the writ.

---

[1]The statute has been repealed and replaced by Vehicle Code section 23153.
[2]The statute has been repealed and replaced by Vehicle Code section 23152.

Barajas was arrested for misdemeanor drunk driving on December 14, 1981. A complaint charging that offense was filed in the municipal court on August 31, 1982. In reviewing the file on the morning of trial, December 22, 1982, the deputy city attorney recognized the severity of the injuries sustained by two persons in the vehicle struck by the car Barajas was driving and threatened Barajas the case would be filed as a felony unless he pleaded guilty. Barajas declined the invitation, preferring to exercise his constitutional right to a jury trial.

For reasons not disclosed by the record, the deputy city attorney made no efforts to continue the case to seek a felony filing and the trial proceeded. Midtrial, however, a mistrial was declared because the People's trial counsel, another deputy city attorney, committed misconduct by eliciting an answer from a prosecution witness on direct examination that following the accident Barajas' brother told the witness Barajas had a prior conviction for driving under the influence. The question resulting in the mistrial was asked in spite of defense counsel's warning to the trial deputy before the trial actually started not to ask about this conversation. The court set a new trial date. Pending trial, a felony criminal complaint charged Barajas with violating Vehicle Code section 23101, subdivision (a). After the preliminary hearing in which he was bound over to the superior court, Barajas moved to dismiss the information on due process grounds. The factual issue presented was whether the prosecutor acted vindictively by intentionally provoking defense counsel to seek a mistrial in order to charge Barajas with a felony. Following an evidentiary hearing at which the prosecutor testified, the court ruled the question was asked inadvertently, not intentionally, and denied the motion. This writ proceeding followed.

■ The resolution of this case would indeed be simplified if the court had found the prosecutor intentionally acted in order to provoke Barajas to seek a mistrial. Under such circumstances, Barajas' retrial either as a misdemeanor or as a felony would be barred on double jeopardy grounds. (*Oregon* v. *Kennedy* (1982) 456 U.S. 667, 679 [72 L.Ed.2d 416, 427, 102 S.Ct. 2083, 2091].) Here a contrary finding is supported by evidence.

The inexperienced attorney trying the case was not the one who had threatened Barajas earlier. He had been with the city attorney's office only four or five months and was trying his second or third "deuce."[3] The court recognized the reality that good trial judgment is directly related to season-

---

[3] We use the colloquialism for misdemeanor drunk driving offense derived from the earlier applicable Vehicle Code section 502 and the label used by the prosecutor.

ing in the "trenches" and during the stress of trial mistakes are sometimes made even by experienced lawyers.[4]

This case would also be easier if it fell directly within the holding of *Twiggs* v. *Superior Court* (1983) 34 Cal.3d 360 [194 Cal.Rptr. 152, 667 P.2d 1165]. There, following a mistrial because of a hung jury, the court held there is presumption of vindictiveness where the prosecutor amended the information charging additional felony convictions shortly following the defendant's rejection of a plea bargain and insistence upon retrial. (*Id.*, at pp. 368-375.) The court remanded the case for an evidentiary hearing in which the prosecutor would be required to meet its burden rebutting the presumption of vindictive charging and to show there was no actual vindictiveness. (*Id.*, at p. 375.) A similar disposition here is unwarranted. The trial court has already conducted the requisite evidentiary hearing. On this record we believe there is no need to remand to the trial court to reconsider its factual finding in light of *Twiggs*.

Interestingly, although *Twiggs* responded by utilizing the not uncommon "presumption of vindictiveness," it likened the situation before it to *Blackledge* v. *Perry* (1974) 417 U.S. 21 [40 L.Ed.2d 628, 94 S.Ct. 2098], where a stricter, prophylactic rule was enunciated. There, after the defendant sought to exercise his statutory right to a trial de novo on his misdemeanor conviction, the prosecutor filed an indictment on a felony count for the same conduct for which the defendant had been convicted. Relying upon *North Carolina* v. *Pearce* (1969) 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072] and its progeny, the United States Supreme Court, without dissent, issued the writ of habeas corpus holding the felony indictment denied the defendant due process of law. (*Blackledge* v. *Perry, supra,* 417 U.S. at pp. 27-31 [40 L.Ed.2d at pp. 634-636].) Significantly, that holding was made without regard for whether *actual* retaliatory motivation by the prosecutor existed on the rationale that the *threat* of such action deprives a defendant of due

---

[4]We admit to some discomfort with the trial court findings, sensing the court may have had an overly benign view of the prosecutor's naivete. At the preliminary hearing, the city attorney who actually tried the case testified that before trial he went to the district attorney's office during the noon break to ask whether the case could be filed as a felony. He said that he "knew that if the case would have culminated in a verdict, one way or the other, it would have been dispositive. [¶] Due to the fact that it was not disposed of, I felt that my original feeling that the case should have been filed as a felony, that I should go ahead and attempt to have it filed as a felony." In addition, the municipal court judge who declared the mistrial testified that he felt the prosecutor committed gross misconduct. The judge explained the prosecutor, without seeking an earlier ruling, asked his witness to relate the offending conversation and the witness was allowed to do so over a timely defense objection. After the improper statement was recited to the jury, the trial judge asked the prosecutor whether he knew what the witness was going to say. The prosecutor said "Yes." Nonetheless, because we are precluded from weighing the facts, we conclude substantial evidence supports the findings made by the trial court.

process. (*Id.,* at pp. 27-28 [40 L.Ed.2d at p. 634].) "A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo,* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. . . . [¶] [I]t was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo.*" (*Id.,* at pp. 28-29 [40 L.Ed.2d at pp. 634-635].)

Similarly, here Barajas should not have been faced with the dilemma of foregoing his constitutional right to a fair trial free from prosecutorial misconduct in order to avoid a felony trial. Scrutiny of the factual differences in *Twiggs* and the case before us reveals significant differences which warrant our conclusion that actual vindictiveness is not required to hold Barajas was denied due process.

Unlike *Twiggs,* where the mistrial was caused by the jury's inability to agree *after* trial, Barajas did not have a complete error free trial. The prosecutor *during* trial caused the mistrial. To require Barajas to now face a felony charge would in effect reward the prosecutor for his prejudicial conduct. Moreover, faced with prosecutorial misconduct, defense counsel should not be required to remain mute in order to avoid the risk that his client might later be prosecuted for an offense with the potential of increased penalties. To so hold has the effect of denying the defendant his right to the effective assistance of counsel while concurrently sanctioning prejudicial error.

■ We recognize that under our criminal justice system, general discretion to determine the charges filed lies with the prosecution. (*People* v. *Farrow* (1982) 133 Cal.App.3d 147, 152 [184 Cal.Rptr. 21].) "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." (*United States* v. *Goodwin* (1982) 457 U.S. 368, 382 [73 L.Ed.2d 74, 86, 102 S.Ct. 2485, 2493].) While preparing for trial, new information may be discovered, the significance of possessed information may be realized and the proper extent of prosecution will crystallize. (*Id.* at p. 381 [73 L.Ed.2d at p. 85].) "In contrast, once a trial begins . . . it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted." (*Ibid.*) In the case before us, it is clear all the facts were made available to the prosecutor long before the trial started. The city attorney's heavy caseload may well place the deputies in that office in the unenviable position of picking up the

file on the day of trial, but that is an insufficient reason to deny Barajas a fair trial.

When a defendant is placed in the position of choosing between an unfair misdemeanor trial or a mistrial and an ensuing fair felony trial, the state has not performed its responsibility. Our system must protect against the possibility a defendant will be deterred from asserting a legal right (*Twiggs v. Superior Court, supra,* 34 Cal.3d at pp. 369-370), including the right to a fair trial. Here, when the interests of the state in bringing the felony charge are balanced against the interest Barajas *and* the state have in that fair trial, there should be no question but that the balance tilts in favor of fairness.[5]

For all the foregoing reasons we conclude Barajas may only be tried on the original misdemeanor complaint.[6]

The petition for writ of prohibition is granted.

Work, J., and Butler, J., concurred.

---

[5]We stress that this is not a case where important evidence was reasonably discovered after the first trial had begun. Under such circumstances the interest in filing felony charges is more compelling.

[6]In light of our holding it becomes unnecessary to address Barajas' contention relating to the lack of sufficient evidence at the preliminary hearing to establish reasonable cause to hold him to answer to the charges and the effect of the delay in filing the felony.