Filed 8/6/13  P. v. Donkor CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B245780 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA080767) |
| v. | |
| ANDREW KWASI DONKOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. James R. Dabney, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted defendant Andrew Kwasi Donkor of meeting a minor for lewd purposes (Pen. Code, § 288.4, subd. (b)) and six counts of lewd or lascivious acts on a child (§ 288, subd. (c)(1)).[1] The trial court sentenced Donkor to 14 years in state prison. We affirm.

## FACTS

In January 2012, 15-year-old Alison S. began visiting the website myyearbook.com. Online, she encountered Donkor, who identified himself on the site as 18-year-old Mystic Magnus. Donkor was in fact 40 years old. At first, Alison told Donkor she was not interested in him. However, in March, Donkor contacted Alison again online, and they began communicating. Although Alison's original online profile indicated she was 17 years old, early in her communications with Donkor she told him she was actually 15. Alison gave Donkor her telephone number, at his request. At first, he called her once or twice a week, and sent her daily text messages. Eventually, they began talking on the telephone every day. Donkor asked Alison to be his girlfriend. She agreed. Approximately once a week, Donkor brought up the topic of sex. Donkor told Alison that if she loved him she would "give him [her] innocence," and that girlfriends satisfy their boyfriends by having sex. They made plans to have sex. Donkor told Alison he wanted to marry her, but she said she was not ready to think about it as she was only 15.

In May 2012, Donkor told Alison that if they were going to get married in the future they should have sex. They arranged to meet in El Segundo, where Alison lived. Alison had not yet met Donkor in person. Donkor told Alison they would have sex. Alison was uncomfortable with the idea, but was willing to go forward with it to keep Donkor as her boyfriend. Donkor picked Alison up in a car, near her house. They drove to a spot next to a building. Donkor told Alison to get into the back seat and take off her pants. Donkor engaged in sex acts with Alison, including intercourse and oral copulation involving multiple penetrations. He also put his hands on Alison's chest and kissed her.

---

[1] All further statutory references are to the Penal Code.

After Donkor dropped Alison off at home, she told her mother what had happened. They called the police. Police arrested Donkor. While in police custody, Donkor agreed to be interviewed. He told police he knew Alison was 15 years old before he met her in person. He also admitted he arranged to meet Alison and had sex with her.[2]

Donkor was on parole at the time of the incident with Alison. In 2007, Donkor was arrested after police observed him having sex with another person in the back of a car. It was determined the other person was a 15-year-old girl. Donkor was convicted of three counts of lewd or lascivious acts on a child in violation of section 288, subdivision (c)(1).

At the preliminary hearing in the instant case, the court dismissed three counts for insufficient evidence. The court concluded there was sufficient evidence to support one count under section 288.4, subdivision (b), one count under section 288, subdivision (c)(1), and one count under section 288a, subdivision (b)(1). Before trial, the People amended the information to charge one count under section 288.4, subdivision (b), and six counts under section 288, subdivision (c)(1). The defense moved to set aside the information, arguing there was insufficient evidence to hold Donkor to answer to six counts of violating section 288, subdivision (c)(1). The People argued the preliminary hearing testimony suggested there was evidence of two acts of intercourse, two acts of oral copulation, an act of touching Alison's chest, and kissing, which would support the six counts. The court denied the defense motion. The court also held a *Marsden* hearing, but denied Donkor's request for new counsel.[3]

---

**2** One interviewing police officer summarized Donkor's description of the incident: "So the first time you said it was two different but same car, same incident. Sex. Oral. Sex. Oral. Then you ejaculated the last time is that what you're saying? And you ejaculated in her mouth." Donkor answered: "Yes."

**3** *People v. Marsden* (1970) 2 Cal.3d 118.

A jury convicted Donkor on all charged counts. After hearing additional testimony, the jury found true the allegation that Donkor had suffered prior convictions for unlawful sexual intercourse with a person under 18 and more than three years younger than the perpetrator (§ 261.5, subd. (c)), and section 288, subdivision (c)(1); and he had served a prior prison term within the meaning of section 667.5, subdivision (b). The jury also found true the allegation that Donkor was convicted of section 288, subdivision (c)(1), within the meaning of section 667.51, subdivision (a).

The trial court sentenced Donkor to a total prison term of 14 years, comprised of the high term on the section 288.4, subdivision (b) count (four years), consecutive midterm sentences on the section 288, subdivision (c)(1) counts (four years total), five years for the section 667.51 prior, and one year for the section 667.5, subdivision (b) prior.

## DISCUSSION

Donkor filed a timely notice of appeal. We appointed appellate defense counsel. On June 14, 2013, Donkor's appointed counsel filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On the same day, we notified Donkor by letter that he could submit within 30 days any ground of appeal, contention, or argument which he wished us to consider. Donkor filed two responses. We briefly address each of his contentions.

Donkor asserts the trial court erred in rejecting his motion to set aside the amended information. We disagree. An information may properly be amended to add additional charges so long as they are supported by evidence at the preliminary hearing. (*People v. Farrow* (1982) 133 Cal.App.3d 147, 152; *People v. Gray* (1964) 224 Cal.App.2d 76, 80; see also § 1009.) Here, the additional charges under section 288, subdivision (c)(1), were supported by evidence adduced at the preliminary examination.

We also find no support for Donkor's claim that the trial committed *Marsden* error. At the *Marsden* hearing, defendant asserted he was unsatisfied with appointed counsel because he was not doing what Donkor wished, such as filing specific motions, investigating the case, or providing Donkor with case documents such as police reports.

4

Donkor did not establish a conflict requiring removal of his appointed counsel. Tactical disagreements do not constitute an irreconcilable conflict requiring the appointment of substitute counsel. (*People v. Jackson* (2009) 45 Cal.4th 662, 688.)

As we understand his arguments, Donkor further contends the court improperly enhanced his sentence based on a charge that was stayed; the paralegal who testified as to his prior convictions was not a qualified witness; and his counsel was ineffective. Donkor contends his due process rights were thus violated.

Our review of the record indicates the jury properly found Donkor had previously been convicted of violating section 288, subdivision (c)(1), and section 261.5, subdivision (c), and he served a prison term. The information alleged that in 2009, Donkor suffered convictions for violating section 261.5, subdivision (c), and section 288, subdivision (c)(1), and that he served a prison term for those offenses. The record introduced at trial indicated that while the court stayed sentence on the section 288, subdivision (c)(1) convictions, it imposed a sentence on the section 261.5, subdivision (c) felony convictions. The trial court then properly applied section 667.51, subdivision (a), which mandates that "[a]ny person who is convicted of violating section 288 . . . shall receive a five-year enhancement for a prior conviction of an offense specified in subdivision (b)," which includes section 288. The trial court further properly applied section 667.5, subdivision (b) to impose an additional one-year enhancement to his sentence. (*People v. Percelle* (2005) 126 Cal.App.4th 164, 177-178; *People v. Haney* (1994) 26 Cal.App.4th 472, 477.)

At the jury trial on Donkor's prior convictions, a paralegal testified regarding certified documents included in a section 969b packet, including an abstract of judgment. These documents were admissible to prove Donkor's prior convictions and prison term served. (*People v. Moreno* (2011) 192 Cal.App.4th 692, 710-711.) The paralegal testifying indicated one of her job duties was to procure and review felony criminal records for priors. Her testimony established she was adequately qualified to describe for the jury the documents contained in the section 969b packet. Moreover, regardless of the paralegal's adequacy as a witness, official government documents prepared

contemporaneously as part of the judgment record and describing the prior conviction, standing alone, provide sufficient evidence of the facts they recite about the nature and circumstances of the prior conviction. (*People v. Miles* (2008) 43 Cal.4th 1074, 1083; *People v. Prieto* (2003) 30 Cal.4th 226, 258.)

Finally, Donkor's claim of ineffective assistance of counsel appears to be based on the assertions of error described above. Because we find no error, we must conclude Donkor has not demonstrated his counsel failed to act in the manner to be expected of a reasonably competent attorney acting as a diligent advocate. (*People v. Lewis* (1990) 50 Cal.3d 262, 288; see *Strickland v. Washington* (1984) 466 U.S. 668.)

We have independently reviewed the record submitted on appeal, and are satisfied that Donkor's appointed appellate counsel has fulfilled her duty, and that no arguable issues exist. (See *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.


BIGELOW, P. J.


We concur:


RUBIN, J.


FLIER, J.


6