Filed 8/30/13  P. v. Maldonado CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056396 |
| v. | (Super.Ct.No. FSB1005193) |
| HECTOR RAUL MALDONADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Steve Oetting and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant Hector Raul Maldonado appeals from his conviction of corporal injury to a cohabitant (Pen. Code,[1] § 273.5, subd. (a); count 1) and assault likely to produce great bodily injury (§ 245, subd. (a)(1); counts 3 and 4).

Defendant contends (1) the trial court abused its discretion by allowing the information to be amended to add an entirely new offense after the close of evidence because the amendment violated his right to due process and constituted vindictive prosecution; and (2) the abstract of judgment should be amended to reflect that his sentence on count 3 was stayed under section 654. The People concede the abstract of judgment should be amended.

## II. FACTS AND PROCEDURAL BACKGROUND

In December 2010, defendant was living with Jane Doe, and they had an infant child together. On December 11, defendant became angry with Doe. He told her "you want to get some," and he pulled her to the ground by her hair, got on top of her, and hit her in the head with closed fists. He wrapped a towel around her neck and choked her with it. She tried to scream, but she could not breathe. Defendant told her he was going to kill her. When he released the towel after a few seconds, Doe tried to get out the door, but defendant started hitting her again. He said she was making him do it to her, and she needed to say she was sorry if she wanted him to stop. Doe apologized, and defendant

---

[1] All further statutory references are to the Penal Code.

2

stopped. Her body and head ached the next morning, and she had bruising inside her ears and on her face.

The next morning, December 12, 2010, defendant again became angry with Doe. He again pulled her by the hair and hit her. He then pinned her against a wall and choked her with his hands for several seconds. She could not breathe. When he let go, she screamed and bit him when he put his fingers in her mouth to make her stop. Doe fell to the ground and defendant banged her head on the floor; she believed she was going to pass out and that defendant was going to kill her. Doe told defendant she loved him to make him stop; he then stopped the attack and began crying. Doe told defendant she was nauseated and felt like she was going to black out. She vomited, and she continued to feel dizzy and have pain in her throat all day. After the attack, she noticed she had urinated on herself.

Doe went to the police station to report the incident on December 13, 2010, but she left after waiting several hours. She went to the hospital for evaluation because she still felt dizzy on December 14. She was discharged without treatment. She then went to the police station again. The police took photographs showing bruising to Doe's ears, arms, neck, and chest; injuries to her right eye; a cut on her lip; and rug burns on her elbows. She appeared to be frightened and angry when making her report.

A forensic nurse practitioner testified to her opinion, based on reviewing the photographs, the police report, and hospital medical records, that Doe had suffered a strangulation, and the injuries to her neck were consistent with the use of two hands for the purpose of the strangulation.

3

The jury found defendant guilty of corporal injury to a cohabitant (§ 273.5, subd. (a); count 1) and assault likely to produce great bodily injury (§ 245, subd. (a)(1); counts 3 and 4). The trial court sentenced him to the aggravated term of four years for count 1 and a consecutive term of one year for count 4. The trial court stayed the sentence for count 3 under section 654.

III. DISCUSSION

**A. Amendment of Information After Close of Evidence**

Defendant contends the trial court abused its discretion by allowing the information to be amended to add an entirely new offense after the close of evidence because the amendment violated his right to due process, and a presumption of vindictive prosecution applied.

*1. Standard of Review*

We review the trial court's determination to allow an amendment to the information under the deferential abuse of discretion standard. (*People v. Arevalo-Iraheta* (2011) 193 Cal.App.4th 1574, 1581 [Fourth Dist. Div. Two].) The test for determining whether an abuse of discretion occurred is whether the amendment prejudiced the defendant's substantial rights and changed the offense to one not shown by evidence at the preliminary hearing. (*People v. Brown* (1973) 35 Cal.App.3d 317, 322-323.)

4

## 2. Additional Background

The original information, filed on March 18, 2011, charged defendant with abuse of a cohabitant in count 1 and criminal threats in count 2.[2] The information alleged both crimes took place on December 14, 2010. On January 3, 2012, the day before trial began, the information was amended to add count 3. The amended information alleged all the crimes took place on December 14, 2010. On January 12, 2012, after the close of evidence and immediately before jury instructions and closing arguments, the prosecutor moved to amend the information to allege that counts 1 through 3 occurred on December 11, 2010, and to add count 4, alleging an assault likely to produce great bodily injury that occurred on December 12, 2010.

Defense counsel objected that the amendment was untimely and was an attempt by the prosecution to punish defendant for exercising his right to trial. He pointed out that all of the facts underlying the new count 4 were established at the preliminary hearing and in the police report, and the amendment was punitive.

The prosecutor responded that it was necessary to amend count 3 to conform the dates to the evidence presented at trial. The prosecutor further argued that because the evidence underlying count 4 was in the police report and had been presented at the preliminary hearing, defendant was not prejudiced by adding that count. The trial court granted the request, and the information was amended to add count 4.

---

[2] The jury found defendant not guilty of count 2, which will therefore not be further discussed herein.

5

*3. Analysis*

Constitutional due process requires that an accused be advised of the charges against him so as to permit a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at trial. (U.S. Const., 6th Amend.; *People v. Torres* (2011) 198 Cal.App.4th 1131, 1140.)

"An . . . information may be amended by the district attorney, and an amended complaint may be filed by the prosecuting attorney, without leave of court at any time before the defendant pleads or a demurrer to the original pleading is sustained. The court in which an action is pending may order or permit an amendment of an . . . information . . . for any defect or insufficiency, at any stage of the proceedings . . . An [information] cannot be amended . . . so as to charge an offense not shown by the evidence taken at the preliminary examination. . . ." (§ 1009.) Thus, the court may allow the information to be amended at any time up to and including the close of trial as long as the defendant is not prejudiced by the amendment. (*People v. Arevalo-Iraheta*, *supra*, 193 Cal.App.4th at pp. 1580-1581.)

Defendant contends the circumstances of the amendment gave rise to a presumption of prosecutorial vindictiveness or retaliation. Constitutional due process forbids a prosecutor from punishing a defendant for asserting or exercising a statutory or constitutional right. (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, §§ 7, 15; *United States v. Goodwin* (1982) 457 U.S. 368, 372 (*Goodwin*); *People v. Rivera* (1981) 127 Cal.App.3d 136, 141-144.)

6

California courts recognized what amounts to a bright line test "in refusing to apply a presumption of vindictiveness for prosecutorial action before commencement of trial." (*People v. Bracey* (1994) 21 Cal.App.4th 1532, 1544 and cases collected.)  While some cases have referred to the attachment of jeopardy as an important factor in determining vindictiveness, e.g., *People v. Edwards* (1991) 54 Cal.3d 787, 828, jeopardy alone is not sufficient.  Rather, a presumption of vindictiveness arises "when the prosecutor increases the criminal charge against a defendant under circumstances which . . . are deemed to present a 'reasonable likelihood of vindictiveness.'  The presumption is not based on the subjective state of mind of the individual prosecutor and does not imply that he or she individually harbors an improper motive." (*In re Bower* (1985) 38 Cal.3d 865, 879.)  When a defendant "shows that the prosecution has increased the charges in apparent response to the defendant's exercise of a procedural right, the defendant has made an initial showing of an appearance of vindictiveness. [Citation.]  The defendant need not demonstrate that the prosecution in fact acted with a retaliatory motive. [Citation.]" (*Twiggs v. Superior Court* (1983) 34 Cal.3d 360, 371.)

Defendant's counsel argued in the trial court that the late amendment was "punitive as to the punishment for [defendant] exercising his right to trial;" however, that bare assertion of a retaliatory motive was insufficient to create a presumption of prejudice.  "The charge of vindictive prosecution is not a substitute for evidence." (*People v. Tirado* (1984) 151 Cal.App.3d 341, 350.)  As one federal court has explained, "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred

but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." (*U.S. v. Gallegos-Curiel* (9th Cir. 1982) 681 F.2d 1164, 1169.)  In *People v. Farrow* (1982) 133 Cal.App.3d 147, 152, the court stated:  "From the very commencement of proceedings, a criminal defendant has innumerable 'rights' which are exercised prior to and during the trial.  *Whenever* the prosecution attempted to amend the information, the defendant could assert that the amendment was in retaliation for some right that the defendant had theretofore exercised, or attempted to exercise.  If the assertion of such a claim required the prosecution to come forward with explanations of the motivations for exercise of its discretion to amend the charges, the defendant could delay the proceedings and deflect them from the true issue, the defendant's guilt or innocence."  In short, the mere fact that the amendment took place at the close of trial does not, without more, give rise to a presumption of vindictiveness.

The cases on which defendant primarily relies are inapposite because all involved different facts.  (*People v. Twiggs*, *supra*, 34 Cal.3d at pp. 368-369 [holding that a presumption of prosecutorial vindictiveness arose when the information was amended to add five additional prior felony convictions after a mistrial was declared; the defendant refused a plea bargain and invoked his right to a retrial; and the prior convictions were known before the first trial]; *In re Bower*, *supra*, 38 Cal.3d at p. 873 [holding that "the due process prohibition against prosecutorial vindictiveness bars the People from increasing the severity of the potential charges against [a defendant] after he moved for a mistrial"].)  In *U.S. v. Goodwin*, *supra*, 457 U.S. 368, the court held that no presumption of prosecutorial vindictiveness arose when the defendant requested a jury trial on pending

misdemeanor charges, after which request the prosecutor sought and obtained an indictment of felony charges stemming from the same incident. (*Id.* at pp. 369-370.) Although the court based its determination of the case on the fact that the amendment occurred pretrial, the court did not create a rule that a later amendment necessarily creates a presumption of vindictiveness.

We conclude the trial court did not abuse its discretion in permitting the amendment to the information to add count 4.

## B. Correction to Abstract of Judgment

Defendant contends the abstract of judgment and minute order for the sentencing hearing should be amended to reflect that his sentence on count 3 was stayed under section 654. The People properly concede error.

At the sentencing hearing, the trial court imposed a concurrent one-year term for count 3 and then stated that term would be stayed under section 654. However, neither the minute order of the sentencing hearing nor the abstract of judgment reflects that defendant's sentence for count 3 was stayed under section 654. "The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. [Citations.]" (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) We will order the minute order and abstract of judgment to be amended accordingly.

## IV. DISPOSITION

The trial court is directed to prepare an amended minute order and abstract of judgment reflecting that defendant's sentence for count 3 was stayed under section 654

9

and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

RICHLI
J.

MILLER
J.