[No. H004185. Sixth Dist. May 17, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
BARBARA HUDSON, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Laurence K. Sullivan and Elena L. Almanzo, Deputy Attorneys General, for Plaintiff and Appellant.

Dallas Sacher for Defendant and Respondent.

OPINION

ELIA, J.—The issue on appeal is whether the trial court correctly applied a presumption of prosecutorial vindictiveness where felony charges were filed against respondent, Barbara Hudson, following her withdrawal of a guilty plea to misdemeanor charges. We conclude that it did not, and reverse the trial court's order dismissing the charges against respondent.

FACTS

On April 27, 1987, a complaint was filed in municipal court charging respondent with misdemeanor petit theft with a prior felony (Pen. Code, §§ 666/484). On May 8, 1987, a second complaint based on a separate incident was filed by a different deputy district attorney charging respondent with misdemeanor trespass and misdemeanor theft (Pen. Code, §§ 602 subd. (*l*) and 484). The complaints were consolidated, and on May 15, 1987, respondent was arraigned in municipal court and pled guilty to the petit theft and theft charges, and a motion to dismiss the trespass charge was taken under submission.

On June 26, 1987, at the sentencing hearing, respondent asserted her innocence, and the court granted her motion to withdraw her guilty pleas. The cases were then set for trial.

On July 9, 1987, amended complaints were filed in municipal court charging respondent with two felonies in each case (Pen. Code, § 459

(burglary) and Pen. Code, §§ 666/484 (misdemeanor petit theft with a prior felony)). On July 10, 1987, appellant was arraigned on the amended complaints and entered a not guilty plea. She failed to appear at a preliminary hearing scheduled for July 29. She was arrested in November 1987, and appeared for preliminary hearings on November 19 and November 25. Informations were filed in superior court on December 9 and December 13. Pretrial in both cases was held on December 18, and trial was set for January 19, 1988. On January 11, 1988, respondent filed a motion to dismiss all the charges on the grounds of prosecutorial vindictiveness, arguing that the prosecution had charged her with more serious offenses in retaliation for the exercise of her constitutional right to a jury trial.

At the hearing on January 15, 1988, Deputy District Attorney Northcote testified that he filed the original petit theft charge on the basis of language in the police report which was equivocal on the question of whether respondent's entry into the victim's home had been consensual. Deputy District Attorney Osborne-Anderson then testified that she had been assigned the cases prior to May 15, 1987, when she accepted respondent's guilty pleas. After this, the victim of the petit theft charge had contacted her, and had made it clear that respondent's entry into her home had been nonconsensual. Osborne-Anderson next reviewed the files after the sentencing hearing, when she learned that respondent had withdrawn her guilty pleas. She then discussed the case with her supervisor, telling him that the two cases had been filed by two different deputy district attorneys, and suggesting that both cases involved felonies rather than misdemeanors. Based on conversations with the two charging deputies, both of whom related that they had not had all the information necessary to file felony charges, Osborne-Anderson then moved to amend the complaints. There was no objection from respondent. Osborne-Anderson did not know that she had had the option of moving to set aside the plea and of filing new charges.

At the beginning of the hearing, the trial court told the parties "in my opinion the presumption of vindictiveness has been raised, so you're over that hump." At the conclusion of the hearing, the court found that the prosecution had succeeded in establishing that the increase in the charges had been shown by an objective change in circumstances or the state of the evidence, but that it had failed to establish that the new information could not reasonably have been discovered at the time the prosecution exercised its discretion to bring the original charge. It specifically noted that there had been no showing of actual vindictiveness on the part of the District Attorney's office. It then granted the motion and dismissed the charges. The People appealed.

## Discussion

■ The seminal cases defining the parameters of permissible prosecutorial charging discretion are *North Carolina* v. *Pearce* (1969) 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072], and *Blackledge* v. *Perry* (1974) 417 U.S. 21 [40 L.Ed.2d 628, 94 S.Ct. 2098]. In *Pearce,* the United States Supreme Court held that the due process clause of the Fourteenth Amendment "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." (*Id*. at p. 725 [23 L.Ed.2d at p. 669].) In *Perry,* the court found a "realistic likelihood of 'vindictiveness' " in a prosecutor's reindictment of a convicted misdemeanant on a felony charge after the defendant had invoked his right to appeal. (*Id*. at p. 27 [40 L.Ed.2d at p. 634].) The due process violation in both cases was not, the court later stated, in the possibility that a defendant might be deterred from exercising a legal right (see *Colten* v. *Kentucky* (1972) 407 U.S. 104 [32 L.Ed.2d 584, 92 S.Ct. 1953] and *Chaffin* v. *Stynchcombe* (1973) 412 U.S. 17 [36 L.Ed.2d 714, 93 S.Ct. 1977]) but "in the danger that the State might be retaliating against the accused for lawfully attacking his conviction." (*Bordenkircher* v. *Hayes* (1978) 434 U.S. 357, 363 [54 L.Ed.2d 604, 610, 98 S.Ct. 663].)

The posture of the case before us, however, more closely parallels that of *United States* v. *Goodwin* (1982) 457 U.S. 368 [73 L.Ed.2d 74, 102 S.Ct. 2485]. In *Goodwin,* misdemeanor charges were initially filed against defendant. Subsequently, the prosecution successfully obtained a four-count indictment charging defendant with one felony and three related counts. Rejecting defendant's argument that indictment on more serious charges following the failure of plea negotiations gave rise to an impermissible appearance of retaliation, the court held that a presumption of prosecutorial vindictiveness did not apply. In so doing, it recognized that "[t]here is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. . . . At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." (*Id*. at p. 381 [73 L.Ed.2d at p. 85].) The court also noted that prior to trial, a defendant may invoke a whole panoply of procedural rights that impose some burden on the prosecution, but it is "unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter." (*Ibid*. [73 L.Ed.2d at p. 86].)

California case law has also limited the application of *Pearce* and *Perry* to a postconviction context. In *People* v. *Farrow* (1982) 133 Cal.App.3d 147 [184 Cal.Rptr. 21], the Second Appellate District held that a presumption of vindictiveness should not be applied where the prosecution filed a more serious charge against a defendant after he successfully exercised his right to have the prior information dismissed pursuant to Penal Code section 1382. The court reasoned that the *Perry* rule would be totally unworkable if it were not limited to the posttrial context: Since Penal Code section 1009 allows the prosecution to amend the charges against a defendant at any time to include offenses shown by the evidence at the preliminary hearing, and since a defendant can assert innumerable pretrial rights, a defendant could assert that retaliation was the motive for any amendment in the charges. (*Id.* at p. 152.)

In *In re Bower* (1985) 38 Cal.3d 865 [215 Cal.Rptr. 267, 700 P.2d 1269], the California Supreme Court applied the *Pearce-Perry* rule in concluding there was a reasonable likelihood of vindictiveness where the prosecution increased the severity of charges against the defendant after he successfully moved for a mistrial. And in *People* v. *Matthews* (1986) 183 Cal.App.3d 458 [228 Cal.Rptr. 316], the Fifth Appellate District refused to apply the presumption to bar additional charges against defendant after a failed plea bargain.

The procedural stance of the case before us differs slightly from those involving purely pretrial situations. Here, respondent had entered a guilty plea, but not as the result of a plea bargain. Then, at the sentencing hearing, she moved to withdraw her plea and invoked her constitutional right to a jury trial. In the meantime, as in *Goodwin,* the case had been reevaluated by a different prosecutor from those who had filed the initial charges. When she discovered that the evidence supported felony charges, she then moved to amend the charges.

Although this sequence of events may give rise to an appearance of vindictiveness, we hold it was insufficient to warrant the application of a presumption that the more serious charges were filed in retaliation for respondent's exercise of her constitutional rights. As in the cases involving pretrial situations, for this court to hold otherwise would significantly abridge prosecutorial charging discretion in a fashion inconsistent with statutory authority.

Our decision is also consistent with the policy reasons underlying the distinction between those cases where the presumption has been applied and those cases where its application has been rejected. Unlike *Pearce* and *Perry,* the prosecution here had expended no resources to try respondent already,

and therefore had a lesser institutional interest in discouraging respondent's exercise of her right to a trial by jury. And while in this case respondent was apparently not aware that more serious charges could be filed against her if she withdrew her plea, the prosecution, unlike cases involving plea bargains, made no promises or representations that specific crimes would or would not be charged as a result of her plea or lack thereof.

As the Supreme Court noted in *United States* v. *Goodwin, supra,* 457 U.S. at page 382 [73 L.Ed.2d at p. 86], "the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." Since the additional charges in this case were the result of a reevaluation of the evidence, and there was no evidence of actual malice on the part of the prosecution, we must reverse the trial court's order dismissing the charges.

The order is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

Agliano, P. J., and Cottle, J., concurred.

A petition for a rehearing was denied June 2, 1989, and respondent's petition for review by the Supreme Court was denied August 24, 1989. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.