Filed 12/11/13  P. v. Brewer CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER MANUEL BREWER,<br><br>    Defendant and Appellant. | H039051<br>(Santa Clara County<br>Super. Ct. No. CC962809) |

A jury convicted defendant Alexander Manuel Brewer on one count of sexual penetration with a child 10 years of age or younger, and two counts of a lewd or lascivious act on a child.  (Pen. Code, §§ 288.7, subd. (b), 288, subd. (a).)[1]  The trial court sentenced defendant to a term of 15 years to life, consecutive to two concurrent three-year terms.

On appeal, defendant contends the trial court erred in denying his motion to dismiss for vindictive prosecution.  We find defendant's claim without merit, and we will affirm the judgment.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Pretrial Proceedings*

On December 4, 2009, the prosecutor charged defendant with two counts of a lewd or lascivious act on a child for molesting his two half sisters: nine-year-old M. Doe, and five-year-old C. Doe. (§ 288, subd. (a).) The complaint also alleged multiple victims under the "One Strike" law. (§ 667.61, subds. (b), (e).) In exchange for dismissal of the strike allegation and one count of a lewd act, defendant pleaded no contest to lewd or lascivious act on a child and continuous sexual abuse of a child. In exchange, he received a stipulated term of 24 years. (§§ 288, subd. (a), 288.5, subd. (a).)

Before sentencing, the parties and the court determined that the 24-year term was unlawful under the applicable statutes, and that the maximum term was 18 years. Defendant's retained counsel moved to withdraw his plea.[2] The trial court granted the motion, set aside the plea, and reinstated the complaint.

At the start of the second preliminary hearing on June 28, 2011, the prosecutor announced her intent to amend the complaint to add two counts: sexual penetration of a child, and a third lewd or lascivious act on a child. The prosecutor had previously provided defendant with the amended complaint. After the victims and their mother testified, the parties agreed to continue the preliminary hearing for the purpose of discussing settlement.

When the hearing resumed on July 14, 2011, the prosecutor announced she had made an offer of 18 years in exchange for a plea to three counts of a lewd or lascivious act on a child and one count of a lewd or lascivious act on a child by force. (§ 288, subds. (a) & (b).) Defendant personally rejected the offer on the record. At the

---

[2] Defendant's moving papers suggest the parties agreed to the 18-year term before he moved to withdraw his plea. Defendant raises no claims of ineffective assistance of counsel; any such claims would have to be brought separately by writ and are not before this court in this appeal.

conclusion of the hearing, the court held defendant to answer on all four counts in the amended complaint. The prosecution filed the information on July 21, 2011.

On November 17, 2011, defendant, arguing vindictive prosecution, moved for dismissal of the charge of sexual penetration of a child. The trial court denied the motion, and the case proceeded to trial.

B. *Trial and Sentencing*

M. Doe, defendant's half sister, testified that she lived in the same house as defendant when she was nine, along with her younger sister, C. M. testified that defendant touched her vagina and buttocks with his hands and penis. The first time he did so was around Christmas 2008, at night. She testified that defendant did this more than ten times. M. testified defendant used his finger to penetrate her vagina on multiple occasions and that it caused her pain.

C. Doe, eight years old at the time of trial, testified that defendant touched her "flower," or vagina, with his hand while she was asleep at night. She told her mother the next morning, but C. said she thought it was a dream.

Defendant testified in his defense. He admitted he touched M.'s vagina on three occasions while he was "buzzed" on alcohol. He denied penetrating her vagina with his finger or penis. He testified that he never molested C.

On May 10, 2012, the jury found defendant guilty on Count One (sexual penetration with a child [M.]) and Counts Two and Three (lewd or lascivious act on a child [M.]). The jury hung on Count Four (lewd or lascivious act on a child [C.]), and the trial court declared a mistrial on that count. The trial court sentenced defendant to a term of 15 years to life for Count One, consecutive to two three-year terms for each of Counts Two and Three, to run concurrently. The prosecution dismissed Count Four.

**DISCUSSION**

3

Defendant contends the prosecutor engaged in vindictive prosecution when it amended the complaint to add Count One (sexual penetration with a child) following his successful plea withdrawal. The Attorney General contends the record is inadequate to support review of this claim because the record contains no transcript of the hearing and no record of the trial court's denial of the motion. Alternatively, the Attorney General argues defendant has failed to establish any vindictive motive or presumption of vindictiveness.

A. *Forfeiture of the Claim*

As an initial matter, we consider whether defendant has adequately preserved his claim for review. The Attorney General contends the record shows no denial of defendant's motion to dismiss for vindictive prosecution. We disagree. Defendant filed a written motion on November 17, 2011, and the prosecution replied in writing on December 2, 2011. The parties' papers noticed a hearing set for December 9, 2011, to be held in Department 31. The record shows minutes of a hearing held on that date in Department 31 on a motion to dismiss, which the court denied. Although the clerk identified the motion as coming under section 995, the record shows no other motion to dismiss. These minutes therefore appear to document the hearing on and dismissal of defendant's motion to dismiss for vindictive prosecution.

The Attorney General also contends we must reject defendant's claim because the record holds no transcript of the hearing. Defendant bases his appellate claim—as he did his motion below—solely on the procedural history, the facts set forth at the preliminary hearing, and the law. However, the Attorney General is correct that, absent a transcript, we cannot know what findings the trial court made, factual or otherwise. (See *Sea Horse Ranch, Inc. v. Superior Court* (1994) 24 Cal.App.4th 446, 452 [criticizing failure of defendant to provide transcript of hearing in writ proceeding].) Defendant's claim fails on that ground alone. Nonetheless, even considering the merits of defendant's arguments on the record here, we reject his claim for the reasons below.

4

B. *Merits of the Claim*

On this record, defendant's claim fails because he cannot establish a presumption of vindictiveness, and he presents no evidence to support it. [3]

Defendant's reliance on the case law in support of a presumption of vindictiveness is misplaced. In *Twiggs v. Superior Court* (1983) 34 Cal.3d 360, and *In re Bower* (1985) 38 Cal.3d 865, the California Supreme Court considered claims of vindictive prosecution where the prosecutor increased the severity of charges following a defendant's assertion of his right to retrial following a mistrial. In that situation, the high court held, a defendant can establish a presumption of vindictiveness, whereupon the burden shifts to the prosecution to rebut the presumption. (*Twiggs v. Superior Court, supra,* at p. 371.)

Here, by contrast, the prosecutor added the charge of sexual penetration with a child *before* defendant went to trial. Defendant argues nonetheless that *In re Bower* supports his claim that, as a matter of law, the prosecution should be barred from increasing the severity of his charges following his exercise of his right to withdraw his plea. Defendant cites no case supporting this proposition. To the contrary, the cases defendant cites are explicitly confined to the addition of charges *after* jeopardy attaches. The timing of the prosecutor's action is important because "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bodenkircher*, the initial charges filed by a prosecutor may

_____

[3] Based on the trial court's denial of the motion, together with defendant's failure to obtain a transcript of the hearing, we will infer that the court made no findings that supported his motion. We note that California courts have not set forth a standard of review for an appeal from a denial of a motion to dismiss for vindictive prosecution. (See *People v. Ayala* (2000) 23 Cal.4th 225, 299 [rejecting defendant's claim of vindictive prosecution "under any standard of review"].) This court has applied a substantial evidence standard of review to factual findings supporting a denial of a motion to dismiss for vindictive prosecution. (*People v. Puentes* (2010) 190 Cal.App.4th 1480, 1487.) However, the record here contains no factual findings pertaining to the motion.

5

not reflect the extent to which an individual is legitimately subject to prosecution. [Fn. omitted.]" (*United States v. Goodwin* (1982) 457 U.S. 368, 382.)

This court's holding in *People v. Hudson* (1989) 210 Cal.App.3d 784, is squarely on point. There, the defendant pleaded guilty to misdemeanor charges and subsequently moved to withdraw her plea, whereupon the case was set for trial. (*Id.* at p. 785.) The prosecutor then amended the complaint to add felony charges. Hudson argued the added charges constituted vindictive prosecution following her exercise of her right to withdraw her plea. This court held "it was insufficient to warrant the application of a presumption that the more serious charges were filed in retaliation for respondent's exercise of her constitutional rights. As in the cases involving pretrial situations, for this court to hold otherwise would significantly abridge prosecutorial charging discretion in a fashion inconsistent with statutory authority." (*Id.* at p. 788.) Defendant here is likewise not entitled to a presumption of vindictiveness based solely upon a showing that the prosecutor increased the severity of the charges following the withdrawal of his plea but prior to trial.

Nor has defendant made any showing of vindictiveness based on the facts in the record. Defendant's sole argument in this regard is that one of the victims, testifying at the second preliminary hearing on June 28, 2011, recanted her prior statement that defendant had sexually penetrated her. The prosecution then introduced the victim's prior statement that defendant had penetrated her. Defendant asserts that the evidence supporting the charge of sexual penetration was actually weaker after the second preliminary hearing, and that vindictiveness is therefore the only explanation for the subsequent addition of that charge to the complaint.

This argument does not comport with the timing of events as shown by the record. The prosecutor announced her intent to amend the complaint—and provided defense counsel with a copy of the complaint—*before* the victim's testimony at the second preliminary hearing. Furthermore, before the hearing resumed on July 14, 2011, the

6

prosecutor offered a plea bargain of 18 years—substantially less severe than defendant's initial settlement—in exchange for a disposition that did not include a plea to the charge of sexual penetration.  Defendant personally rejected the offer, despite being fully aware of the charges to which he would be held to answer at that time.

Defendant's claim of vindictiveness is not supported by the prosecutor's actions here, and he is not entitled to such a presumption.  We find his claim without merit.

## I. DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.