Filed 5/13/15  P. v. Thomas CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GERALD CHARLES THOMAS,<br><br>        Defendant and Appellant. | A140735<br><br>(Sonoma County<br>Super. Ct. No. 628266) |

Defendant Gerald Charles Thomas appeals from a judgment entered upon a jury verdict finding him guilty of assault by means likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4).)  He contends that the trial court erred in denying his motion to dismiss the amended complaint on the ground of prosecutorial vindictiveness.  He argues that the trial court violated his federal and state due process rights when it allowed the prosecution to amend the complaint to charge him with a felony assault after he rejected a proposed plea bargain.  We shall affirm the judgment.

## I.  FACTUAL BACKGROUND

In 2010, defendant met Kenneth Widener through Susan Deschenes, a mutual acquaintance.  Defendant frequented Widener's neighborhood, and the two interacted on numerous social occasions.  In February 2012, Widener came to Deschenes's home to perform small home repairs for her.  As Widener and Deschenes were seated at her kitchen table, defendant banged on the glass sliding door of Deschenes's home.

_____

[1] All further statutory references are to the Penal Code.

1

Deschenes allowed defendant to come inside the house. Unprovoked, defendant began cursing and lunging at Widener. Deschenes's roommate called the police, but Widener declined to press charges. After the incident, there were several hostile encounters over a period of four months between the two men, but none of these incidents escalated to physical violence and the police were never called.

On June 27, 2012, Widener came home from work in the evening and stepped outside to water the plants on his front entryway. As he was in a crouched position, Widener suddenly felt someone jump on his back. He fell to the ground, and his face hit a decorative rock. Widener felt repeated blows to the back of his head. Dazed and still in midst of the attack, Widener managed to roll over onto his back and saw that it was defendant who was repeatedly punching him with a closed fist. Widener was unable to fight back. The attack lasted for several minutes. Widener's girlfriend and other neighbors came outside after hearing the commotion and yelled for defendant to stop. Before defendant left the scene, he told Widener's girlfriend that Widener and Deschenes were having a sexual relationship.

A neighbor called the police. Widener suffered from a concussion, black eyes, swelling, flickering vision, and had bitten through his bottom lip. He declined to have his injuries treated until a few weeks after the incident. He sought medical treatment because he was experiencing the effects of a concussion, including persistent dizziness and flickering vision.

On December 24, 2012, defendant was charged with misdemeanor battery (§ 242.) Defendant rejected a negotiated disposition, and a jury trial was set for July 12, 2013. On July 10, 2013, the People amended the complaint, charging defendant with felony assault by means of force likely to produce great bodily injury. On September 23, 2013, defendant moved to dismiss the amended complaint on the ground of vindictive prosecution. On October 24, 2013, the court denied the motion reasoning that the prosecutor handling the case had not been involved in the prior plea negotiations, and that the complaint was amended in response to the prosecutor's evaluation of additional evidence.

2

## II. DISCUSSION

Defendant contends that the trial court violated his federal and state due process rights when it permitted the prosecution to amend the misdemeanor complaint to charge a felony assault two days before the trial was set to begin. He argues that the prosecution's amendment was vindictive and in response to his rejection of a negotiated disposition.

The presumption of vindictiveness arises when a prosecutor increases the charges against a defendant in response to the defendant exercising a legal right: "The constitutional protection against prosecutorial vindictiveness is based on the fundamental notion that it 'would be patently unconstitutional' to 'chill the assertion of constitutional rights by penalizing those who choose to exercise them.' " (*In re Bower* (1985) 38 Cal.3d 865, 873.) In the pretrial setting, however, there is no presumption of vindictiveness when a prosecutor decides to increase the charge. (*People v. Jurado* (2006) 38 Cal.4th 72, 98.) "There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. . . . [¶] . . . [¶] A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. . . . [T]he initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." (*United States v. Goodwin* (1982) 457 U.S. 368, 381–382, fns. omitted.) Because vindictiveness is not presumed, the defense must present evidence showing that the "prosecutor's charging decision was motivated by a desire to punish [the defendant] for doing something the law plainly allowed him to do." (*Id.* at p. 384.) California courts have declined to presume vindictiveness when the defendant exercises the right to a jury trial, and the prosecution amends the complaint to bring greater charges after a

3

breakdown in plea negotiations. (*See, e.g.*, *People v. Matthews* (1986) 183 Cal.App.3d 458, 466–467; *People v. Hudson* (1989) 210 Cal.App.3d 784, 788–789 (*Hudson*).)

In considering a motion to dismiss for prosecutorial vindictiveness, courts must also take into account section 1009, which allows a prosecutor to amend a complaint with leave of the court, so long as the amendment does not "charge an offense not shown by the evidence taken at the preliminary examination." If leave is granted, the decision is overturned only if it amounts to an abuse of the trial court's considerable discretion. (*People v. Miralrio* (2008) 167 Cal.App.4th 448, 458.) If pretrial vindictiveness claims were entertained under these circumstances, "a defendant could assert that retaliation was the motive for any amendment in the charges," (*People v. Johnson*, (1991) 233 Cal.App.3d 425, 447), which would "significantly abridge prosecutorial charging discretion in a fashion inconsistent with statutory authority." (*Hudson*, *supra*, 210 Cal.App.3d at p. 788.)

*Hudson* is instructive. There, the defendant was initially charged with two misdemeanors, and entered a guilty plea. (*Hudson*, *supra*, 210 Cal.App.3d at pp. 785– 786, 788.) After the defendant withdrew the plea, the prosecution moved to amend the complaint to file felony charges after a new prosecutor evaluated the case. (*Id.* at p. 789.) The trial court dismissed the complaint due to prosecutorial vindictiveness, citing that the prosecution "had failed to establish that the new information could not reasonably have been discovered at the time the prosecution exercised its discretion to bring the original charge." (*Id.* at p. 786.) On appeal, the court reversed the trial court's ruling that the presumption of vindictiveness applied. The court cited California cases applying that presumption only in a post-trial context, and noted that "the prosecution here had expended no resources to try respondent already, and therefore had a lesser institutional interest in discouraging respondent's exercise of her right to a trial by jury." (*Id.* at pp. 788–789.)

Defendant's reliance on *Twiggs v. Superior Court* (*Twiggs*) (1984) 34 Cal.3d 360 is misplaced. *Twiggs* involved the prosecution's amendment of an information after a mistrial. (*Id.* at p. 368.) At a pretrial conference for the defendant's second trial, the

4

defendant rejected a plea deal. (*Id.* at p. 364.) Shortly thereafter, the prosecutor moved to amend the complaint to allege that the defendant had been convicted of five prior felony convictions, and had served a term in state prison for each offense, resulting in a more severe punishment if convicted after the re-trial. (*Ibid.*) The trial court rejected the defendant's claims of prosecutorial vindictiveness and accepted the prosecutor's explanation that she had recently received confirmation regarding the prior convictions. (*Id.* at pp. 364–365.) Our Supreme Court reversed, holding that the presumption of vindictiveness applied because the record suggested that the prosecutor made no effort to verify the prior convictions until the defendant refused a plea bargain and insisted on a retrial. (*Id.* at p. 372.)

Here, defendant contends that the presumption of vindictiveness is warranted because the prosecution amended the misdemeanor complaint to allege felony assault just two days before trial was set to begin. But as we have explained, the presumption of vindictiveness does not apply at the pretrial phase. Moreover, the record supports the trial court's acceptance of the prosecutor's explanation that the amendment was made in response to his review of the file when he was assigned to the case. In particular, the prosecutor, who had not been involved in the earlier plea negotiations, saw the photographs of Widener's injuries and noted their seriousness. After reviewing the matter with his supervisor, the decision was made to file the case as a felony. The record contains no evidence that the amendment was made to punish defendant or that it was motivated by vindictiveness. (See *People v. Michaels* (2002) 28 Cal.4th 486, 514–515 [no evidence that prosecutor amended murder complaint to charge special circumstances as a vindictive response to the defendant's attempt to plead guilty].) In light of this record, the trial court did not abuse its discretion in denying the defendant's motion to dismiss based on prosecutorial vindictiveness.

## III. DISPOSITION

The judgment is affirmed.

5

                                        _____

                                        Rivera, J.

We concur:

_____

Reardon, Acting P.J.

_____

Streeter, J.