Filed 12/6/18; Certified for Publication 1/2/19 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| YARON LIEF,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>―――――――――――――<br><br>PNINA NISSAN,<br><br>    Real Party in Interest. | D074947<br><br>(San Diego County<br>Super. Ct. No. 17FL003120C) |


ORIGINAL PRODEEDING in mandate. David B. Oberholtzer, Judge. Petition granted.

Dennis Temko for petitioner.

No appearance for respondent.

Bickford & Blado LLP and Andrew J. Botros for real party in interest.

Petitioner Yaron Lief challenges by petition for writ of mandate an ex parte order

of respondent San Diego County Superior Court (the family court) purporting to allow

real party in interest Pnina Nissan to move with their minor child to Israel before expiration of the 30-day statutory stay of the judgment allowing removal of the child from California. (Code Civ. Proc., § 917.7.) We grant the petition.

BACKGROUND

Lief and Nissan met in Israel in 2010. Nissan moved to San Diego and married Lief in 2011. They had a son in 2014. Lief filed a marital dissolution action against Nissan in 2017. The family court bifurcated the issue of custody and visitation, held a trial on Nissan's request to move with the child to Israel, and tentatively granted the request on August 10, 2018. Upon Lief's motion for reconsideration, the family court reopened the hearing to consider additional evidence and argument. The court ultimately entered a judgment granting Nissan's move-away request on November 7, 2018.

After receiving notice from Nissan that she intended to depart for Israel with the child on November 22, 2018, Lief filed an ex parte application with the family court for an order preventing the move-away until after December 7, when the 30-day stay of the judgment granting the move-away request would expire. (Code Civ. Proc., § 917.7.) The court ruled its August 10, 2018 order tentatively granting Nissan's move-away request started the stay period running, denied Lief's application on November 21, and ordered Lief to turn over the child to Nissan that evening.

Lief petitioned us for a writ of mandate and requested an immediate stay of the ex parte order purporting to allow Nissan to move to Israel with the child on November 22, 2018. Lief argued Nissan could not then take the child to Israel because the stay of the judgment provided by Code of Civil Procedure section 917.7 would not expire until

2

December 7.  We stayed the family court's order, advised the parties we were considering issuing a peremptory writ in the first instance, and invited Nissan to file a response to the petition.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)  In her response, Nissan conceded Lief is entitled to relief and agreed not to leave the state until after December 7.

DISCUSSION

The family court erred when it ruled the 30-day statutory stay commenced with its decision of August 10, 2018, tentatively granting Nissan's move-away request.  A judgment or order of the family court allowing removal of a minor child from this state is stayed "for a period of 30 calendar days *from the entry of judgment or order*."  (Code Civ. Proc., § 917.7, italics added.)  The court's oral statement of its decision at the end of the August 10 hearing was not a judgment or order.  The statement contained several conditions, including the drafting of a visitation plan by Lief's attorney, which had to be met before Nissan could move away with the child.  Furthermore, in the family court's written statement of decision, filed after the court reopened the custody and visitation trial to consider additional evidence and argument, the court acknowledged it "had not entered judgment and its decision remained tentative pending the final statement of decision."  A "tentative decision does not constitute a judgment and is not binding on the court."  (Cal. Rules of Court, rule 3.1590(b).)  Thus, the August 10 tentative decision did not commence the 30-day statutory stay period.  Rather, the period began to run when the family court filed the judgment granting Nissan's move-away request on November 7.  (*Id.*, rule 8.104(c)(1) [entry date of judgment is date of filing].)

3

To correct the family court's error in ruling the stay began to run on August 10, 2018, issuance of a peremptory writ in the first instance is appropriate. The material facts are not in dispute, the applicable law is settled, Nissan concedes Lief is entitled to relief, the need for final resolution of the child's custody is urgent, and no useful purpose would be served by plenary consideration of the issue. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Jane J. v. Superior Court* (2015) 237 Cal.App.4th 894, 909-910.)

## DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate its November 21, 2018 order denying petitioner's ex parte application for an order preventing real party in interest from removing the child from this state, and to enter a new order granting the application. The stay previously issued by this court is dissolved. This opinion shall be final as to this court upon filing. (Cal. Rules of Court, rules 8.490(b)(2)(A).) Petitioner is entitled to costs. (*Id.*, rule 8.493(a)(1)(B).)


IRION, J.

WE CONCUR:


AARON, Acting P. J.


DATO, J.

4

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| YARON LIEF,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent;<br><br>PNINA NISSAN,<br><br>Real Party in Interest. | D074947<br><br>(San Diego County<br>Super. Ct. No. 17FL003120C)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed December 6, 2018, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

1

AARON, Acting P. J.

Copies to:  All parties