Filed 6/18/24  Bolds v. Superior Court CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| KEION TYLER BOLDS,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | A170423<br><br>(Alameda County<br>Super. Ct. No. 24-CR-002702) |

**BY THE COURT:**[*]

Keion Tyler Bolds, defendant in a criminal action in Alameda County Superior Court, seeks a writ of mandate or prohibition after respondent superior court refused to permit him to enter a limited waiver of his right to a preliminary hearing within 60 days.  (Pen. Code, § 859b.)[1]  Respondent denied petitioner's request because the People had not consented to the limited time waiver.  Petitioner contends the People have no veto power over his right to enter a limited time waiver, and he contends respondent abused its discretion in refusing his request.  In their preliminary opposition, the

_____

[*] Before Humes, P.J., Banke, J., and Langhorne Wilson, J.
[1] All statutory references are to the Penal Code.

1

People make no effort to defend the challenged ruling. We will therefore grant the petition and issue a peremptory writ of mandate in the first instance, as we previously informed the parties was possible. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 (*Palma*).

### FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint filed March 11, 2024, charged petitioner with a felony violation of Penal Code section 29800(a)(1) [felon in possession of a firearm; Count 1]; a felony violation of section 32900 [multiburst trigger activator; Count 2]; a violation of Health and Safety Code section 11351 [possession for sale of a controlled substance; Count 3]; a felony violation of Health and Safety Code section 11370.1(a) [possession of a controlled substance with firearm; Count 4]; and misdemeanor violations of section 273a(b) [misdemeanor child endangerment; Counts 5 and 6]).

Petitioner appeared in custody on March 12 for arraignment. Bail was set, and the matter was put over until March 13 for plea.

On March 13, petitioner again appeared in custody for entry of plea. The matter was again put over for plea, with the next court date set for April 4. Also on March 13, defense counsel filed an informal discovery request with the prosecution.

Petitioner appeared out of custody on April 4, having posted a bail bond. He entered a plea of not guilty and waived his right to a preliminary hearing within 10 days but not 60 calendar days. The court set a pretrial hearing for May 7 and scheduled the preliminary hearing for May 20.

Defense counsel emailed the prosecution's discovery unit on April 4 requesting (1) all the officers' body-worn camera video in the case; (2) the 911/radio recording; (3) a copy of the search warrant and warrant affidavit that was the basis of the search; (4) all photographs; (5) a copy the police

2

report that related to the crime being investigated in the warrant; and (6) the defendant's recorded statement.

On May 6, defense counsel sent another email noting that most of the discovery was still outstanding. Counsel pointed out that the preliminary hearing was scheduled to take place in two weeks and informed the prosecution that she would have to set a motion to compel if the discovery was not provided before the May 7 pretrial hearing.

Petitioner appeared again on May 7. Petitioner's counsel first asked the court to set a hearing on a motion to compel discovery on May 10. After a discussion was held off the record, the court explained that petitioner's counsel was going to request a limited time waiver of the preliminary hearing, but the District Attorney's Office was objecting. Petitioner's counsel then explained that she had spoken to the pretrial deputy about the outstanding discovery and had been informed that the District Attorney would not be consenting to a limited time waiver.

Petitioner's counsel then requested a limited time waiver with a last day of August 4, 2024, and in support, she cited *People v. Superior Court (Arnold)* (2021) 59 Cal.App.5th 923 (*Arnold*), *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, and *Favor v. Superior Court* (2021) 59 Cal.App.5th 984 (*Favor*). Respondent asked the prosecutor if she would stipulate to the limited time waiver, and the prosecutor said no. Respondent then told petitioner's counsel "the Court is not going to allow Mr. Bolds to enter into a limited time waiver without the agreement of the District Attorney's Office."

Petitioner's counsel objected, arguing "that the District Attorney does not get to dictate what rights Mr. Bolds does and doesn't assert. They do not get to decide whether or not Mr. Bolds can enter into a limited time waiver or has to enter into a full time waiver." The court then ruled: "It's the Court's

3

understanding that both parties need to agree if we're going past the 60. So that's – I'm not saying that you need to get the consent of the District Attorney's Office. You both need to agree. [¶] So I want to make it clear. I'm not saying that Mr. Bolds can't exercise his rights. He can do what he chooses, whether he waives 10 or 60. If we're going past the 60, both parties need to agree. I'm not saying you need them to acquiesce or consent. It needs to be an agreement both parties going past the 60."

The court then announced it would maintain the May 20 date for the preliminary hearing over petitioner's counsel's objection.

The instant petition was filed May 13. Two days later, we issued a temporary stay of the preliminary hearing and ordered briefing. The People filed a letter brief on May 29. Petitioner filed a reply on June 3.

## DISCUSSION

We may employ the accelerated procedures established in *Palma, supra,* 36 Cal.3d 171 "only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue—for example, when such entitlement is conceded . . . or when there is an unusual urgency requiring acceleration of the normal process." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) This is such a case. Where, as here, real party fails to defend the challenged ruling, the need for final resolution of the issue is urgent, and no useful purpose would be served by plenary consideration of the issue, a peremptory writ in the first instance is appropriate. (See, e.g., *Lief v. Superior Court* (2018) 30 Cal.App.5th 868, 871.)

We informed the parties that we might proceed by issuing a peremptory writ in the first instance, and we received a response from the People. As noted, they do not dispute petitioner's argument that he was

4

entitled to enter a limited time waiver, which effectively concedes that petitioner is entitled to relief from the challenged ruling.[2] " 'Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance.' " (*Johnny W. v. Superior Court* (2017) 9 Cal.App.5th 559, 568.)

### A. *The Language of Section 859b*

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time." (§ 859b, 2d para.) "To effectuate the right to a speedy preliminary hearing, section 859b contains two deadlines." (*Favor, supra*, 59 Cal.App.5th at p. 989.) Only the second, 60-day deadline is at issue here. *Favor* describes that deadline as follows: "The second section 859b deadline is an outer limit of 60 days from the date of arraignment to hold the preliminary hearing. If the hearing 'is set or continued more than 60 days from the date of the arraignment,' the charges shall be dismissed. (§ 859b.) As to this deadline, there is only one exception: the defendant may 'personally waive[]' his or her right to a preliminary examination within the 60 days. (*Id.,* subd. (a).) In contrast to the 10-day deadline, the 60-day limit contains no good cause exception. The 60-day limit protects the right to a speedy preliminary hearing by ensuring that, even with good cause, the hearing may not be continued indefinitely. [Citation.] It also ensures that criminal cases are moved expeditiously through the courts." (*Id.* at p. 990, fn. omitted.)

As one court has put it, "the plain language of section 859b's 60–day rule establishes the right to a preliminary hearing within 60 days of

---

[2] While the People do not seek to defend the challenged ruling on the grounds articulated by respondent, they do argue that it may be upheld on a different ground. We address that argument in part D, *infra*.

5

arraignment is absolute absent a defendant's personal waiver." (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 729.) Thus, "excepting only his own waiver, a defendant has a right to a preliminary hearing within 60 consecutive calendar days from entry of plea or arraignment, whichever is later." (*People v. Mackey* (1985) 176 Cal.App.3d 177, 183.)

B.  *A Defendant May Enter a Limited Time Waiver of the 60-Day Deadline.*

Courts have concluded that a defendant may enter a limited waiver of the 60-day time limit on holding the preliminary hearing. While acknowledging that section 859b does not specifically address the issue of limited waivers, in *Favor*, Division Two of the Fourth District nevertheless rejected the People's argument that "the defendant's only options are a general waiver or no waiver at all, and that a purportedly limited waiver has the same effect as a general waiver." (*Favor, supra*, 59 Cal.App.5th at p. 991.) The court saw "nothing contrary to public policy in construing section 859b to allow for a limited waiver of the 60-day deadline." (*Id.* at p. 992.) *Favor* rejected the People's construction of the statute as it "would put the parties and the court to an all or nothing choice: either the defendant refuses to waive the 60-day outer limit for a preliminary hearing, or the defendant waives it entirely, so the preliminary hearing could be continued indefinitely for good cause." (*Ibid.*) Instead, "by allowing the defendant to agree to an extended—but nevertheless firm—deadline, limited waivers of the statutory preliminary hearing deadlines also preserve defendants' constitutional right to a speedy trial, and ensure cases continue to move expeditiously through the courts." (*Ibid.*) Similarly, in *Arnold, supra*, 59 Cal.App.5th 923, Division Seven of the Second District "interpret[ed] the phrase 'personally waives' in section 859b . . . to authorize a defendant to

6

enter a specific and limited waiver of his or her right to a preliminary hearing within 60 days of the arraignment or plea." (*Id.* at p. 934.)

As *Favor* and *Arnold* make clear, a defendant may enter either a general or a limited waiver of the 60-day deadline for holding the preliminary hearing. Petitioner is therefore correct that he is entitled to enter a limited waiver.

C. *Section 859b Does Not Require the People's Agreement or Consent to a Limited Waiver.*

As to the 60-day deadline, section 859b provides: "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b, 6th para.) There is nothing in the language of this provision suggesting that the prosecution must agree to any waiver. Indeed, dismissal is required if the preliminary hearing is continued beyond 60 days after arraignment or plea "unless the defendant *personally waives* his or her right to a preliminary examination within the 60 days." (Italics added.) The sole requirement in the statutory language is a personal waiver from the defendant. Thus, respondent's assumption that the People must agree to any limited waiver finds no support in the text of the statute.

As noted earlier, the People make no effort to defend the challenged ruling on the grounds articulated by respondent. Indeed, their preliminary opposition does not even address the issue raised by the petition. The People's failure to respond to petitioner's arguments may be taken as an implied concession. (*People v. Werner* (2012) 207 Cal.App.4th 1195, 1212 [Attorney General's failure to respond to defendant's argument is apparent

7

concession]; see also *People v. Bouzas* (1991) 53 Cal.3d 467, 480 [where People responded to each of defendant's other arguments but ignored one point in their brief and at oral argument, this was apparent concession].) We therefore conclude that petitioner was not required to obtain the People's agreement or consent before entering a limited waiver of the 60-day deadline.

D. *The Challenged Ruling Cannot Be Upheld as a Good Cause Finding.*

Instead of defending respondent's ruling, the People attempt to reframe the issue before the superior court. They claim "the question actually presented to respondent court was whether there was good cause for a continuance." In their view, the magistrate was actually ruling on a request for a continuance, and they claim the magistrate "correctly recognized that there was no good cause to continue the preliminary hearing that was still thirteen days away."

There are several flaws in this argument. First, it was not raised below, and arguments not presented to the superior court are not cognizable in this court in a mandate proceeding. (*People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 46; see also *Rojas-Cifuentes v. Superior Court* (2020) 58 Cal.App.5th 1051, 1062 [court declined to consider real party's argument because it reframed the issue before the superior court].) Moreover, since the argument was not raised below, petitioner had no opportunity to respond to it in the superior court. Accordingly, we will decline to consider it. (See *Davis v. Superior Court* (2016) 1 Cal.App.5th 881, 886, fn. 4.)

Even if we were to overlook these procedural defects, however, we still could not uphold the challenged ruling on the grounds the People now advance because there is nothing in the record showing that respondent considered a request for continuance or made any finding on the issue of good

8

cause. As petitioner correctly notes in his reply, the word "continuance" does not appear in the transcript of the May 7 hearing. Moreover, as the People correctly point out, no written request for a continuance was filed. (See § 1050, subd. (b).) Where a party does not make a written request for a continuance, the court "the court shall hold a hearing on whether there is good cause for the failure to comply with those requirements." (§ 1050, subd. (d).) In making a determination of good cause, court must consider all of the relevant circumstances of the particular case. (E.g., *People v. Breceda* (2022) 76 Cal.App.5th 71, 90.)

There is nothing in the record to suggest that the court held a good cause hearing, nor is there any evidence it considered all the relevant circumstances of the case. The court certainly never mentioned the issue of good cause. Instead, it focused narrowly on whether petitioner was entitled to enter a limited time waiver without the People's agreement. In these circumstances, the challenged order may not be upheld on the ground that it was some kind of *sub silentio* ruling on whether good cause existed to continue the preliminary hearing, particularly where no party requested a continuance.[3]

---

[3] We express no view on whether it would have been proper to continue the preliminary hearing in the circumstances then before respondent court. We note, however, that the delay caused by the proceedings in this court should have no effect on the deadline for holding the preliminary hearing. (See *People v. Villanueva* (2011) 196 Cal.App.4th 411, 424 ["Several cases have held that pending proceedings in the appellate court constitute good cause."]; *People v. Superior Court (Gonzales)* (1991) 228 Cal.App.3d 1588, 1592 ["[D]ismissal of the information is not warranted because the People's seeking of interlocutory review of the respondent court's order constituted good cause for delay of trial beyond the statutory period provided in Penal Code section 1382."]; *Matthews v. Superior Court* (1973) 35 Cal.App.3d 589, 593 ["We perceive that an express waiver was unnecessary or required during the time that the petition for writ of prohibition was pending in the appellate

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing respondent superior court in *People of the State of California v. Keion Tyler Bolds*, Alameda County Super. Ct. No. 24-CR-002702 to vacate its order of May 7, 2024, denying petitioner's request to enter a limited waiver of the 60-day deadline for holding the preliminary hearing, and to enter a new and different order granting that request.

This opinion shall be final as to this court seven days after filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

---

court because the filing of such petition constituted 'good cause' for delaying the trial and, accordingly, in itself constituted a waiver of the right to be tried within the 60-day period."].)